673 A.2d 343

**COMMONWEALTH of Pennsylvania**

v.

**William McGINLEY and Raymond W. Anthony.**

**Appeal of James Earnest JONES.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1995.

Filed March 11, 1996.

Jonathan C. Deisher, Allentown, for appellant.

John M. Morganelli, District Attorney, Bethlehem, for Commonwealth, appellee.

Before ROWLEY, President Judge *, and McEWEN, CIRILLO, DEL SOLE, BECK, TAMILIA, POPOVICH, FORD ELLIOTT and SAYLOR, JJ.

CIRILLO, Judge:

James Earnest Jones appeals from an order entered in the Court of Common Pleas of Northampton County denying and dismissing Jones' petition for approval of private criminal complaints filed by Jones against two individuals. We affirm.

The facts leading up to this appeal, as alleged by Jones by way of affidavit, are as follows. Jones contends that on March 13, 1993, Raymond W. Anthony, a part-time police officer in the Borough of North Catasauqua, forced his way into Jones' home and ordered him to move his truck, which was illegally parked during a snow storm. When Jones refused to move his truck, Officer Anthony informed Jones that he was under arrest for disorderly conduct. Officer Anthony then allegedly assaulted Jones before handcuffing him, causing a neck sprain and headaches. Jones further asserts that William McGinley, Mayor of North Catasauqua, followed Officer Anthony into Jones' residence, also uninvited. Eventually, Jones was taken to the police station and charged with disorderly conduct and

---

* President Judge Rowley did not participate in the consideration or decision of this case.

resisting arrest. A jury trial commenced on these charges; however, after Officer Anthony testified, the Commonwealth opted to withdraw the charges.

Subsequently, on September 16, 1994, Jones filed private criminal complaints against Officer Anthony and Mayor McGinley. The proper procedure for seeking approval of private criminal complaints is set forth in Pa.R.Crim.P. 106 which provides, in pertinent part:

(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

(b) If the attorney for the Commonwealth

(1) Approves the complaints, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) Disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval[.]

\*     \*     \*     \*     \*     \*

Pa.R.Crim.P. 106.

The complaint against Officer Anthony consisted of four counts: official oppression, criminal trespass, assault, and criminal conspiracy. The complaint against Mayor McGinley consisted of three counts: official oppression, criminal trespass, and criminal conspiracy. The District Attorney's office disapproved both complaints. The complaint against Officer Anthony contained the following notation by the District Attorney: "All 4 are denied; No crime committed; Affiant seeks civil remedies; Pros. Disc. not to prosecute." Similarly, the complaint against Mayor McGinley read: "All 3 are denied; No crime committed; Affiant should file civil action; Pros. Disc. not to prosecute."

On October 21, 1994, Jones, through his counsel, presented a petition for approval of private criminal complaints to the trial court. A conference was held with counsel, at which time the parties stipulated that the record would consist of the affidavits submitted by Jones in support of the complaints. On November 15, 1994, the trial court denied and dismissed Jones' petition. This appeal followed.

Jones presents the following issues for our consideration:

(1) Did the private criminal complaints filed by the appellant allege sufficient facts to establish a *prima facie* case with regard to each charge set forth therein?

(2) Was the exercise of the District Attorney's prosecutorial discretion not to prosecute a gross abuse of that discretion?

Recently, an *en banc* panel of this court examined the Commonwealth's (Attorney General) claim that the trial court, in ordering the prosecution of a private criminal complaint, usurped the Commonwealth's policy-making authority contrary to the separation of powers doctrine. *Commonwealth v. Brown*, —— Pa.Super. ——, 669 A.2d 984 (1995). After determining that such an issue was waived, as it was raised for the first time on appeal, this court nevertheless concluded that the separation of powers doctrine was not violated by a limited judicial review of a prosecutor's decision, nor was this court empowered to declare that a rule established by the Pennsylvania Supreme Court violated the separation of powers doctrine. *See* Pa.R.C.P. 106, *supra* (expressly providing for the approval or disapproval of a private criminal complaint by a judge of the court of common pleas). In resolving the Attorney General's second issue, *i.e.*, that the trial court erred in deciding that he committed a gross abuse of discretion in disapproving the private criminal complaint, this court was called upon to determine the proper standard for a trial court to apply when it is asked to review a prosecutor's disapproval of a private criminal complaint. Furthermore, and more importantly for purposes of deciding the instant case, we stated: "[B]ecause of existing confusion concerning the proper standard for an appellate court to apply when reviewing a trial court's determination in such a case, we must clarify that

standard as well." *Brown*, at —— – ——, 669 A.2d 984. In *Commonwealth v. Benz*, 523 Pa. 203, 565 A.2d 764 (1989) (plurality opinion), our supreme court for the first time distinguished between a prosecutorial decision that is based upon a policy determination and one that is based upon a legal evaluation of the sufficiency of a private criminal complaint. This distinction was subsequently applied by this court in *Commonwealth v. Jury*, 431 Pa.Super. 129, 636 A.2d 164 (1993), *appeal denied*, 537 Pa. 647, 644 A.2d 733 (1994).[1]

In the process of setting forth a clarified standard of review, we stated in *Brown:*

> Although we continue to find validity in a court giving deference to a prosecutor's policy decision not to prosecute a private criminal complaint, we recognize the need to distinguish between the standard of review to be used by the trial court and the appellate court. *Jury* incorrectly establishes that an appellate court directly reviews the prosecutor's decision regarding a private criminal complaint. However, Rule 106 reserves this function to the court of common pleas. Thus, we must reject *Jury*'s standard....

*Brown*, at ——, 669 A.2d 984. In modifying the standard set forth in *Jury*, the *Brown* court enunciated the following clarified standard of review:

> When a trial court is asked to review a prosecutor's disapproval of a private criminal complaint, the trial court must first determine the rationale behind the prosecutor's decision. If the prosecutor's decision was based upon a legal evaluation of the sufficiency of the complaint, then the trial court must undertake a *de novo* review of the complaint to ascertain whether it establishes a *prima facie* cause of action. **If, however, the prosecutor's decision was based upon a policy determination that it would not be in the best interests of the Commonwealth to prose-**

---

1. For a further examination of the law on this subject matter, we note the following significant cases leading up to the *Benz* decision: *See Commonwealth v. Muroski*, 352 Pa.Super. 15, 506 A.2d 1312 (1986); *In re Wood*, 333 Pa.Super. 597, 482 A.2d 1033 (1984); *Commonwealth v. Eisemann*, 276 Pa.Super. 543, 419 A.2d 591 (1980); *In re Petition of Piscanio*, 235 Pa.Super. 490, 344 A.2d 658 (1975).

cute, then the trial court must defer to the prosecutor's discretion absent a gross abuse of that discretion.

In determining whether a gross abuse of discretion has occurred, the common pleas court must consider whether the policy advanced by the prosecuting authority comports with both the law and justice. A policy must embrace the general principles by which the prosecutor is guided in the management of its public responsibilities. A policy connotes a definite course or method of action selected in light of given conditions to guide and determine both present and future decisions. Therefore, it is expected that a prosecutor should be prepared to advance evidence that confirms the establishment of the policy, as well as corroborates its application to matters of similar, or like, import.

This in no way suggests that the common pleas court may substitute its judgment for that of the prosecutor. But where the prosecutor seeks to rest the decision not to prosecute on policy grounds, the prosecutor must be prepared to come forward with a clear statement as to the particular policy that dictates withholding prosecution as well as how that policy relates to the particular facts being advanced by the private prosecutor.

**When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the *trial court's* actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.**[2]

*Brown*, at ——–——, 669 A.2d 984 (emphasis added).

█  Here, while the district attorney's designation on each of Jones' private criminal complaints included the notations

---

**2.** Judge Kelly wrote a concurring opinion in *Brown*, joined by Judges Beck and Ford Elliott, expressing dissatisfaction with the majority's discussion of this court's modified standard of review. Specifically, the concurrence concludes that the majority's criticism of *Jury* is unwarranted and that its standard of review is not entirely accurate. According to Judge Kelly, this court cannot affirm a common pleas court's order approving a private criminal complaint unless we also contempo-

"no crime committed," and "prosecutorial discretion not to prosecute," it is clear from the record before us that the district attorney relied primarily on his prosecutorial discretion in disapproving the complaints, and that such disapproval was predicated upon policy concerns. During the hearing whereby Jones sought review of the district attorney's disapproval of his criminal complaints, it was agreed that Jones would rely upon his affidavit of the events in question and it was also agreed that letter briefs would be submitted by the respective parties. In his letter brief to the trial court, the district attorney stated:

> As set forth in *Commonwealth v. Jury, supra,* in this Commonwealth the District Attorney enjoys wide latitude when deciding whether to disapprove a private criminal complaint and may do so for policy reasons wholly apart from a preliminary assessment of the evidence. That is exactly what was done in this case.[ ] It was and is my judgment that the private affiant was seeking to utilize the criminal system to redress grievances allegedly committed against him by municipal police officers. **As noted in the disapproval, there are adequate civil remedies to redress such grievances, if in fact, any improper conduct occurred by the police officers that infringed upon the civil rights and/or constitutional rights of the private affiant. For policy reasons, exercising prosecutorial discretion, the private criminal complaints were not approved.** (emphasis added).

In its opinion, the trial court concluded that there was no reason to compel the Commonwealth to pursue prosecution and that, based on the district attorney's discretion in the matter, "did not reach the issue of whether a *prima facie* case against McGinley and Anthony existed."

█ It is clear that the district attorney did not base the dismissal of Jones' complaints on solely a lack of evidence, but, rather, essentially relied upon a policy determination. *Benz,*

raneously conclude that the Attorney General/District Attorney grossly abused his discretion in disapproving it. *Brown, supra.*

*supra; Brown, supra; Jury, supra.* We must now ascertain the propriety of the trial court's actions and decide whether the trial court abused its discretion or committed an error of law. *Brown, supra.* In concluding that the district attorney did not commit a gross abuse of discretion in disapproving Jones' private criminal complaint, the trial court cited passages from two analogous cases, *Commonwealth v. Pritchard,* 408 Pa.Super. 221, 596 A.2d 827 (1991) and *Petition of Piscanio,* 235 Pa.Super. 490, 344 A.2d 658 (1975). In *Pritchard* we stated:

> The District Attorney's function is to represent the Commonwealth in criminal prosecutions. The District Attorney exercises this responsibility by first evaluating complaints to determine whether criminal charges should be brought against an individual. *See Petition of Piscanio,* 235 Pa.Super. [at 490,] 344 A.2d [at 660]. The private prosecutor, even if he or she was the victim, "has no legitimate interest, other than as a member of the general public, in seeing a violator of the laws brought to justice by the Commonwealth and punished for his misdeeds. **If a private prosecutor feels individually harmed his remedy is a civil suit for damages."** *Id.* [at 496], 344 A.2d at 661–62. **It would make little sense to grant to the attorney for the Commonwealth broad prosecutorial discretion in his role as advocate for the Commonwealth, only to allow private affiants the ability to file complaints without the approval of the District Attorney whenever an alleged victim makes out a complaint involving some type of violent act.**

*Pritchard,* 408 Pa.Super. at 228–229, 596 A.2d at 831 (emphasis added). The trial court found that the above stated reasoning, along with the fact that the district attorney's office had previously been involved in the criminal prosecution of Jones by Anthony, and had before it all the information regarding the incident which involved Jones, Anthony, and McGinley, led to a conclusion that the district attorney's office, "under its prosecutorial discretion not to prosecute, did not

commit a gross abuse of discretion in its decision not to approve the private criminal complaint." [3]

As evidenced by its opinion, the trial court considered the district attorney's belief that Jones, the private affiant, was seeking to utilize the criminal justice system to redress grievances for which there are adequate civil remedies. Pursuant to the dictates recently set forth in *Brown*, this reasoning sufficiently sets forth a clear statement as to the particular policy that dictates withholding prosecution.[4] *Pritchard, supra; Piscanio, supra.* Because we must confine our review to ascertaining the propriety of the trial court's actions, we find that there has been no abuse of discretion in the trial court's decision denying approval of Jones' complaints based upon a policy decision. *Brown, supra.*

■ By way of dicta, we note that there exists a potential argument that it would be improper for an appellate court to review a trial court's decision regarding a **purely policy-based** determination by a district attorney's approval or disapproval of a private criminal complaint. When a trial court refuses to approve a private criminal complaint after the district attorney has disapproved the complaint based upon wholly discretionary matters of policy, this court is potentially left with essentially nothing to review. In such a case, the trial court's review is important to a petitioner when the district attorney has, in fact, abused his or her discretion. Securing this type of judicial determination that the district attorney did not commit an abuse of discretion, however, arguably could be the end of the line for the complainant, as he has, at this point, received his due process. The restriction on a prosecutor's discretion should be as limited as possible, for the special deference extended to a policy decision not to prosecute stems

3. We note that the trial court was wrongly under the assumption that Jones entered into a negotiated plea regarding the charges filed by Anthony. There is no evidence of such a plea in the record.

4. Although *Brown* was decided after the trial court's review of the instant matter, the trial court nonetheless correctly reviewed the district attorney's actions pursuant to a gross abuse of discretion standard, and we are in turn able to find that there has been no abuse of discretion in the trial court's decision.

from the deference afforded the discretionary use of executive powers granted to the district attorney. *Benz, supra; Commonwealth v. Muroski,* 352 Pa.Super. 15, 506 A.2d 1312 (1986); *In re Wood,* 333 Pa.Super. 597, 482 A.2d 1033 (1984); *Commonwealth v. Eisemann,* 276 Pa.Super. 543, 419 A.2d 591 (1980); *see Commonwealth v. Slick,* 432 Pa.Super. 563, 570–571, 639 A.2d 482, 486 (1994), *appeal denied,* 538 Pa. 669, 649 A.2d 671 (1994) (a judge in our system does not have the authority to tell prosecutors which crimes to prosecute; prosecutorial discretion, while subject to judicial review to protect constitutional rights, is not reviewable for an abuse of discretion). "The judicial power to interfere in cases challenging acts of character committed to the discretion of public officials is exceedingly limited. Indeed, there is a presumption that their actions are within the limits of their discretion." *Downing v. School District of the City of Erie,* 360 Pa. 29, 34, 61 A.2d 133, 135 (1948). The court of common pleas, in reviewing a dismissal of a private criminal complaint pursuant to a gross abuse of discretion standard, may at some point be found to have satisfied the judicial inquiry into the district attorney's exercise of discretion based on policy matters. In light of the current law, however, we have properly reviewed the trial court's decision, and find no abuse of discretion. *Brown, supra.*

Affirmed.

McEWEN and FORD ELLIOTT, JJ., concur in the result of this opinion.

DEL SOLE, J., files a concurring opinion in which BECK and POPOVICH, JJ., join.

SAYLOR, J., files a concurring statement.

DEL SOLE, Judge, concurring:

I agree with the Majority in affirming the trial court decision not to require the prosecution of this private criminal complaint. However, I cannot agree with the conclusion that this Court's en banc decision in *Commonwealth v. Brown,* ——

Pa.Super. ——, 669 A.2d 984 (1995) established the standard of review as set forth on page 134–36 of the Majority Opinion.

I am of the view that the Concurring Opinion of Judge Kelly sets forth a correct analysis of our review function in this type of case. A trial court's determination whether a prosecutor grossly abused discretion in refusing to approve a private criminal complaint, is not a discretionary act by the trial judge. Rather, it is a legal conclusion based on the record, and, necessitates our examination of the exercise of the prosecutor's discretion.

For this reason and because the Pennsylvania Constitution, Article 5 § 9, guarantees the right of appellate review of decisions of courts of record, I cannot subscribe to the dicta expressed in the Majority Opinion. Further, to limit review of policy-based prosecutorial decisions to the trial court would prevent prosecutors from appealing trial decision's to approve a private criminal complaint. In my view, since review itself is a serious excursion into the executive branch functions, the executive must be able to have appellate review.

BECK and POPOVICH, JJ., join.

SAYLOR, Judge, concurring.

I agree with my colleague, Judge Del Sole, that the standard and scope of appellate review is more appropriately set forth in Judge Kelly's Concurring Opinion in *Commonwealth v. Brown*, —— Pa.Super. ——, 669 A.2d 984 (1995). I am also of the view that a prosecutor's decision to disapprove a private criminal complaint should not be disturbed absent a showing of bad faith or improper motive, as is more particularly set forth in my Dissenting Opinion in *Commonwealth v. Brown*, *supra*.