681 A.2d 1362

**Christopher MICHAELS, Appellant,**

v.

**Michael J. BARRASSE, District Attorney
of Lackawanna County, Appellee.**

Superior Court of Pennsylvania.

Argued April 30, 1996.

Filed Aug. 9, 1996.

Christopher P. Cullen, Dunmore, for appellant.

William P. O'Malley, Assistant District Attorney, Scranton, for appellee.

Before CIRILLO, President Judge Emeritus, DEL SOLE, J. and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Christopher Michaels appeals from an order entered in the Court of Common Pleas of Lackawanna County affirming the District Attorney's denial of Michaels' private criminal complaints. We remand.

During 1992, Robert Ruddy was employed by the Borough of Dunmore Police Department as a part-time police officer. Despite his part-time status, Ruddy consistently worked full-time shifts. In 1994, Joseph Tompdo, President of the Dunmore Borough Council, received a letter from the union representative for the Dunmore Police Association, Attorney Robert Sayers, requesting the appointment of Ruddy to full-time status. Attorney Sayers cited as authority the Dunmore Police Collective Bargaining Agreement. Attorney Sayers sent a second, similar letter citing the bargaining agreement's paragraphs relating to compensation and benefits for full-time police officers.

Ruddy's employment status was discussed at a public Dunmore Borough Council meeting. The Borough Solicitor advised the council members that the Borough would probably lose any arbitration proceedings if it did not elevate Ruddy's status to full-time. Based on the Solicitor's advice, the council members voted to appoint Ruddy to full-time police officer.

As a result of Ruddy's appointment to full-time status, Appellant Michaels filed five private criminal complaints alleging that the votes cast by the council members were contrary to the provisions of the Borough Code.[1] Specifically, Michaels alleged that on the Dunmore Civil Service Commission's examination, Ruddy scored a 71.25% and was ranked 61st among all of the test takers. Michaels contends that Ruddy was

---

1. The complaints consisted of an individual complaint against each of the five Borough council members who voted to appoint Ruddy.

appointed over James A. Giles, a veteran who scored 100% and ranked first, and Michaels himself, who scored 93.12% and ranked third.

After an investigation, the District Attorney's office disapproved the private criminal complaints, concluding that there was "insufficient evidence" to support Michaels' allegations of criminal activity by the council members. Michaels subsequently filed a petition with the trial court for the approval of the private criminal complaints. The Honorable Chester T. Harhut conducted a conference in chambers regarding Michaels' petition. Judge Harhut entered an order affirming the District Attorney's decision to disapprove the five criminal complaints.[2] This appeal followed.

Michaels raises the following issues for our consideration:

(1) Did the trial court err as a matter of law in failing to apply the standard of review enunciated in *Commonwealth v. Jury*, 431 Pa.Super. 129, 636 A.2d 164 (1993) when affirming the decision of the District Attorney's office to disapprove for "insufficient evidence" each of the complaints filed by Michaels pursuant to Pa.R.Crim.P. 106?

(2) Is the trial court's decision to affirm the District Attorney's disapproval of Michaels' complaints impermissibly based on hearsay and not supported by substantial evidence?

(3) Did the trial court err as a matter of law in not finding that each of Michaels' complaints set forth the essential elements of the offense established at section 1194 of the Borough Code?

The authority that establishes the proper procedure for addressing private criminal complaints is set forth in Pa. R.Crim.P. 106:

Rule 106. Approval of Private Complaints

2. The order states, in its entirety:
Now, this 31st day of August, 1995, this Court affirms the District Attorney's denial of the private complaint in the above referenced action.

(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or the community, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(b) If the attorney for the Commonwealth

\* \* \* \* \* \*

(2) Disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval[.]

Pa.R.Crim.P. 106. Here, in compliance with Rule 106, the District Attorney set forth on each complaint that there was "insufficient evidence" to sustain Michaels' allegations. The District Attorney's decision was based upon a legal evaluation of the sufficiency of the complaints; it was not a policy-based decision. Such a distinction becomes important when determining an appropriate standard of review for both the trial court and appellate court. *See Commonwealth v. Benz,* 523 Pa. 203, 565 A.2d 764 (1989) (plurality) (first case to distinguish between a prosecutorial decision that is based upon a policy determination and one that is based upon a legal evaluation of the sufficiency of the complaint).

Michaels relies upon this court's decision in *Commonwealth v. Jury,* 431 Pa.Super. 129, 636 A.2d 164 (1993) in challenging the trial court's standard of review. *Jury* has recently been the subject of much difference of opinion as reflected in two *en banc* plurality decisions decided by this court. Both of these cases, however, in discussing the appropriate standard of review, focused on the appropriate standard of review for the **appellate court.** Additionally, both cases involved a prosecutor's decision based on policy, as opposed to a legal sufficiency determination. Nevertheless, in attempting to modify *Jury,* these cases touched upon a **trial court's** role in reviewing a prosecutor's decision to disapprove a private

criminal complaint. In *Commonwealth v. Brown,* 447 Pa.Super. 454, 669 A.2d 984 (1995) (*en banc*), a plurality of this court stated:

> [W]e recognize the need to distinguish between the standard of review to be used by the trial court and the appellate court. *Jury* incorrectly establishes that an appellate court directly reviews the prosecutor's decision regarding a private criminal complaint. However, Rule 106 reserves this function to the court of common pleas. Thus, we must reject *Jury's* standard and establish the following as the appropriate standard of review.
>
> When a trial court is asked to review a prosecutor's disapproval of a private criminal complaint, the trial court must first determine the rationale behind the prosecutor's decision. **If the prosecutor's decision was based upon a legal evaluation of the sufficiency of the complaint, then the trial court must undertake a *de novo* review of the complaint to ascertain whether it establishes a *prima facie* cause of action.** If, however, the prosecutor's decision was based upon a policy determination that it would not be in the best interests of the Commonwealth to prosecute, then the trial court must defer to the prosecutor's discretion absent a gross abuse of that discretion.
>
> \* \* \* \* \* \*
>
> **When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the trial court's actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.**

*Id.* at 466–67, 669 A.2d at 990 (emphasis added).[3] *Accord:* *Commonwealth v. McGinley,* 449 Pa.Super. 130, 134–38, 673

---

**3.** Judge Kelly wrote a concurring opinion in *Brown,* joined by Judges Beck and Ford Elliott, expressing dissatisfaction with the discussion of the standard of review, and concluding that the criticism of *Jury* is unwarranted.

A.2d 343, 345–46 (1996) (*en banc*) (plurality).[4] We are persuaded by the rule set forth in *Brown* and *McGinley* and will be guided by such.

■ As the prosecutor's decision was based upon a legal determination, Michaels is correct in his assertion that the trial court was required to review the appropriateness of such a decision in light of whether Michaels' complaints established a *prima facie* case on the elements of the charge in question. In each of his complaints, Michaels claimed that the Borough Council members violated the civil service provisions of the Borough Code, namely, 53 Pa.S. §§ 46171–46195. Section 46194 states, in pertinent part:

> Any councilman who, by his vote, causes to be appointed any person to the police force . . . contrary to the provisions of this subdivision . . . shall be guilty of a misdemeanor.

53 Pa.S. § 46194. Michaels notes in his complaints that Ruddy's appointment was particularly in violation of sections 46181 (General provisions relating to examinations) and 46184 (Manner of filling appointments) of the Borough Code, and section 7104(b) of the Pennsylvania Veterans' Preference Act (Preference in appointment or promotion). 51 Pa.C.S.A. § 7104(b).

■ At the conference before Judge Harhut, the prosecutor and Michaels' counsel had the opportunity to present arguments advocating their respective positions. We note that the law does not give a private complainant a right to an evidentiary hearing. *See Commonwealth v. Eisemann,* 276 Pa.Super. 543, 544 n. 4, 419 A.2d 591, 592 n. 4 (1980) (the court is not required to grant a hearing pursuant to Rule 106; the rule merely gives the private prosecutor the opportunity to have his complaint reviewed following an adverse decision by a district attorney). Thus, it was well within the trial judge's

4. Judge Del Sole wrote a concurring opinion in *McGinley,* joined by Judges Beck and Popovich, stating that the scope of appellate review was more appropriately set forth in Judge Kelly's concurring opinion in *Brown.* Judge Saylor, in a concurring statement, agreed with Judge Del Sole in this regard.

discretion to conduct a conference to review the private criminal complaints.

 While the trial court was not required to conduct a hearing on the record, it is necessary for this court, as a reviewing court, to examine the trial court's reason(s) for its denial of the private criminal complaint. As stated earlier, our review is limited to determining whether the trial court abused its discretion or committed an error of law; we are limited to ascertaining the propriety of the trial court's actions. *Brown, supra; McGinley, supra.* Thus, we are required to review the trial court's *de novo* review of the complaint and its determination of whether a *prima facie* case was established. *Brown, supra; McGinley, supra.* Here, the trial court's order did not contain sufficient information for an appropriate review by this court; it simply affirmed the district attorney's disapproval without explanation. We, therefore, must remand this matter to the trial court for the preparation of an opinion in support of its order. Such a measure will enable this court to review the propriety of the trial court's actions.

Remanded. Panel jurisdiction retained.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

Because I conclude the Majority has incorrectly equated lack of a *prima facie* case with a determination that there exists insufficient evidence to sustain a conviction, I must dissent.

Initially, I note that Appellant has improperly filed the instant petition. These proceedings are governed by Pennsylvania Rule of Civil Procedure 106, 42 Pa.C.S.A. Rule 106 requires that disapproved criminal complaints be brought before a common pleas court judge for review. Here, the individual complaints were not presented to the court, but rather, a petition naming the private affiant and the district attorney as parties was filed. On this basis, the trial court can be affirmed.

Additionally, I cannot agree with the Majority's determination that the rule expressed in the plurality opinions of *Commonwealth v. Brown*, 447 Pa.Super. 454, 669 A.2d 984 (1995), and *Commonwealth v. McGinley*, 449 Pa.Super. 130, 673 A.2d 343 (1996) stating the standard of trial court review, is persuasive. In these two *en banc* cases, a majority of the judges participating disagreed with the proposed presumptive standard. Rather, I conclude that the standard of review as defined in *Commonwealth v. Jury*, 431 Pa.Super 129, 636 A.2d 164 (1993) remains the correct and current statement of the law.

A decision not to prosecute a private complaint, by a prosecutor for the reason a *prima facie* case is lacking, is a legal conclusion easily reviewed by the court. If the court concludes that sufficient facts are alleged which, if established, make out a prima facie case, it must direct the filing of the complaint.

However, a prosecutor's determination that the evidence is insufficient to secure a conviction because proof of all elements of the charge may not be established beyond a reasonable doubt, is the exercise of prosecutorial discretion traditionally granted district attorneys in Pennsylvania.

The record certified to this court on appeal contains a statement by the district attorney that it was concluded as a result of an investigation, that the counsel members' votes to hire a police officer without regard to the civil service list were based on the advise of the borough solicitor, thereby negating the requisite intent needed for a conviction.[1] Further, the complaints were disapproved with the notation "insufficient evidence" not on the basis of no prima facie case. Under these circumstances, the decision not to prosecute was not an abuse of discretion. As we said in *Commonwealth v. Metzker*, 442 Pa.Super 94, 658 A.2d 800 (1995):

1. Of passing interest is the recent Pennsylvania Supreme Court decision eliminating veterans' preference points in governmental hiring. *Hoffman v. The Township of Whitehall, et al.*, 544 Pa. 499, 677 A.2d 1200 (1996).

334

While we said in *Jury* the complainant is not required to prove the case beyond a reasonable doubt where disapproval is based on a legal assessment of the complaint, as a policy matter, a prosecutor can consider if a conviction is attainable. There the District Attorney concludes, based on investigation, that a conviction is doubtful or impossible, discretion can and should be exercised to refuse approval.

Viewing the nature of this case, and the district attorney's analysis, I cannot agree that there was an abuse of prosecutorial discretion. Rather, I conclude the trial court correctly refused to direct prosecution.