**In re PRIVATE COMPLAINT OF Petitioner Donald ADAMS.**

**Appeal of Donald Adams.**

Superior Court of Pennsylvania.

Argued July 26, 2000.
Filed Dec. 13, 2000.

Leon Williams, Philadelphia, for appellant.

Lawrence Goode, Assistant District Attorney, Philadelphia, for Com., appellee.

Before KELLY, JOYCE and BECK, JJ.

BECK, J.:

¶ 1 In this appeal we decide *inter alia* what evidence a trial court may consider when it reviews a district attorney's denial of a private criminal complaint. We hold that the trial court may review all evidence that the district attorney considered in making her decision and is not limited to reviewing the four corners of the private criminal complaint. We affirm.

¶ 2 While he was on the street protesting President Clinton's appearance in Philadelphia, appellant Donald Adams was involved in a physical confrontation with members of the Teamsters Union. Television crews captured the fracas on videotape, which was then broadcast on the evening news. As a result, Teamsters Marc Nardone and Kevin McNulty were

charged with assaulting Adams; they also faced reckless endangerment and related charges.

¶ 3 Sometime later, Adams filed a private criminal complaint seeking that charges also be filed against John Morris, a Teamsters official who was present at the incident. According to Adams, Morris "signaled" Nardone, McNulty and others to begin assaulting him by placing his (Morris's) own hat on top of Adams's head.[1]

¶ 4 The Philadelphia District Attorney's Office notified appellant that his complaint was denied based on "contradictory statements by both sides" and "insufficient evidence." Ultimately, Adams appealed the denial to the Philadelphia Court of Common Pleas. After a full hearing, the Honorable Peter F. Rogers denied appellant's request that charges be filed against Morris and this appeal followed.

■■■ ¶ 5 A private criminal complainant is permitted to seek judicial review of the denial of his or her complaint by the district attorney. Pa.R.Crim.P. 106. Where the district attorney's denial is based on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter. *Commonwealth v. Cooper*, 710 A.2d 76 (Pa.Super.1998). Where the district attorney's disapproval is based on policy considerations, the trial court accords deference to the decision and will not interfere with it in the absence of bad

faith, fraud or unconstitutionality.[2] *Id.* at 79. In the event the district attorney offers a hybrid of legal and policy reasons for disapproval, deference to the district attorney's decision, rather than *de novo* review, is the appropriate standard to be employed. *Id.* at 80. On appeal, this court is limited to determining whether the trial court abused its discretion. *Id.*

¶ 6 Appellant essentially raises two claims. First, he claims that the trial court, in reviewing the district attorney's denial, was limited to assessing the four corners of the private criminal complaint and erred in considering additional evidence. Second, he claims that the decision reached by the court was erroneous.

¶ 7 In deciding whether the district attorney acted properly, Judge Rogers reviewed the evidence that the district attorney considered, including a television news program videotape of the incident. The trial court reviewed the matter *de novo* and concluded that the district attorney's assessment was based on the legal sufficiency of the evidence.

■■■ ¶ 8 Appellant claims that the trial court erred in making the videotape part of its review. Instead, according to appellant, the court was limited to deciding the matter based only on the allegations made in the private criminal complaint, and was not permitted to consider anything beyond the four corners of the complaint.[3]

1. Teamsters Heather Diocson and Sharon Hopkins filed private complaints against Adams, alleging that he punched Diocson. The result of these complaints is unclear from the record.

2. The *Cooper* court adopted the bad faith/fraud/unconstitutionality standard for policy-based disapprovals because our supreme court unanimously agreed that such a standard was appropriate in *Commonwealth v. Brown*, 550 Pa. 580, 708 A.2d 81 (1998). The supreme court's decision in *Brown* is not binding precedent because there was no majority agreement on the primary issue in the case, i.e., whether the appellate court reviews the trial court's or the prosecutor's exercise of discretion. However, this court's subsequent

approval of the standard in *Cooper* is indeed controlling and we follow it here. *See Cooper, supra* at 81 (district attorney's policy reason was valid in the absence of bad faith, fraud or unconstitutionality). Also, *Cooper* held that an appellate court reviews the decision and rationale of the trial court, not the district attorney.

3. In a contradictory stance, appellant chastises the trial court for refusing to consider the transcripts from Nardone and McNulty's preliminary hearing. The court refused to consider the transcripts because at the time the district attorney reviewed the matter, the preliminary hearing had not taken place. Appellant claims that if the court could have considered evidence outside the complaint, the

¶ 9 Appellant's argument is based, in part, on *Commonwealth v. Jury*, 431 Pa.Super. 129, 636 A.2d 164 (1993). There, a panel of this court was faced with a private complainant's claim that the district attorney erroneously disapproved his complaint. The district attorney had informed the private complainant that his complaint was disapproved because "the Commonwealth could not, with the evidence asserted by ... [the complainant], prove its case beyond a reasonable doubt." *Id.* at 166.

¶ 10 The issue in *Jury* was whether the district attorney applied the proper standard in assessing the complaint. This court found that he had not. Requiring a complainant to establish her allegations beyond a reasonable doubt, reasoned the *Jury* court, would force "private complainants to prove their cases to the district attorney, where, in fact, the complaint need only aver evidence sufficient to mount a *prima facie* case." *Id.* at 168. Clearly, the rule of *Jury* is that a private complainant's duty is limited to presenting the district attorney with a *prima facie* case. Significant to the instant case is the fact that *Jury* did not consider the question of the district attorney's duty to evaluate the private criminal complaint based on her own investigation.

■ ¶ 11 A prosecutor's office is required to investigate a private criminal complaint after it is filed. In deciding whether a *prima facie* case has been made out, the prosecutor considers both the content of the complaint, and the result of her own investigation of the case. A well-crafted private criminal complaint cannot be the end of the inquiry for the prosecutor. For even if the facts recited in the complaint make out a *prima facie* case, the district attorney cannot blindly bring charges, particularly where an investigation may cause her to question their validity. Forcing the prosecutor to bring charges in every instance where a complaint sets out a *prima facie* case would compel the district attorney to bring cases she suspects, or has concluded via investigation, are meritless. The public prosecutor is duty bound to bring only those cases that are appropriate for prosecution. This duty continues throughout a criminal proceeding and obligates the district attorney to withdraw charges when she concludes, after investigation, that the prosecution lacks a legal basis. *In Re Piscanio*, 235 Pa.Super. 490, 344 A.2d 658, 660 (1975).

■ ¶ 12 When the district attorney refuses to file the criminal complaint and the matter is appealed, the trial court is placed in the position of addressing the decision of the district attorney. It cannot properly and thoroughly do so if it only focuses on the four corners of a complaint to the exclusion of the district attorney's investigation and other material she considered.[4] A case decided in the wake of *Jury, Commonwealth v. Metzker*, 442 Pa.Super. 94, 658 A.2d 800 (1995), confirms our conclusions.

¶ 13 In *Metzker*, a panel of this court was asked to consider whether the trial court erred in affirming the district attorney's denial of a private criminal complaint. The complainants, officers of a

---

preliminary hearing testimony would have militated in favor of the filing of charges against Morris.

4. For this reason we conclude that the trial court properly refused to consider evidence that was unavailable to the district attorney, i.e., the preliminary hearing testimony. The trial court's task is that of a reviewing body. It *reviews* the district attorney's decision for error by looking at all of the evidence anew. Thus, the court cannot consider items that were not available to the district attorney when she considered the matter. In the event new evidence comes to light, nothing prevents the private complainant from filing a new complaint and setting out the evidence in an expanded affidavit. However, the trial court cannot be the first entity to assess evidence proffered by a private complainant. *See* Rule 106 (private complaints are filed in the first instance with the district attorney and, if disapproved, "the affiant may petition the court of common pleas for *review* of the decision").

senior citizen social club, sought to bring charges against the club's former officers in connection with cash shortages. The district attorney disapproved the complaint, noting "insufficient evidence after police investigation; lacks prosecutorial merit." *Id.* at 800. The trial court affirmed. This court found no error in the trial court's resolution of the case. It reached its conclusion by recognizing, among other things, that the district attorney's investigation and assessment of the complaint were relevant to his decision to disapprove.[5]

While we said in *Jury* the complainant is not required to prove the case beyond a reasonable doubt where disapproval is based on a legal assessment of the complaint, as a *policy matter*, a prosecutor can consider if a conviction is attainable. Where the district attorney concludes, based on investigation, that a conviction is doubtful or impossible, discretion can and should be exercised to refuse approval.

Traditionally, prosecutors in Pennsylvania have been given great latitude in deciding which cases to prosecute and in rejecting those which do not warrant prosecution. The power to prosecute is enormous, bringing as it does the resources of the Commonwealth to bear on the accused. Thus, we expect those entrusted with this authority to exercise it wisely, and not proceed where they conclude that a conviction cannot be attained.

*Id.* at 801 (emphasis supplied).

¶ 14 Even if we assume that the complaint in this case sets forth a *prima facie* case to support the charges sought, this matter remains much like *Metzker*. Here, the district attorney informed the complainant that she would not approve the charges since her investigation yielded contradictory statements and ultimately prompted her to conclude that the evidence was insufficient. In essence, the district attorney echoed the sentiments of the district attorney in *Metzker*, i.e., that the matter lacked prosecutorial merit.[6] In assessing the district attorney's decision the trial court properly reviewed the evidence that the district attorney considered in making her decision. We find no merit in appellant's argument that the trial court acting as a reviewing court is limited to examining the four corners of the private criminal complaint.

¶ 15 Appellant's second argument is that the trial court erred in its ultimate decision in this case even if it acted properly in reviewing the videotape. Contrary to the arguments of appellant and the judgment of the trial court, the district attorney's disapproval in this case is not subject to *de novo* review because, as we determined above, it was not based on a purely legal assessment of the complaint. Instead, it was in part a policy-based decision.[7] Thus, we must evaluate it

---

5. In *Metzker* this court made the following statement:

    The trial court concluded and we agree that the complaint set forth sufficient facts to allege a *prima facie* case. As we stated in *Commonwealth v. Jury*, ... once the complaint establishes a *prima facie* case, the prosecutor cannot rest the disapproval on a legal assessment *of the complaint*.

    *Id.* at 800–01 (citations omitted) (emphasis supplied).

6. In *Michaels v. Barrasse*, 452 Pa.Super. 325, 681 A.2d 1362 (1996), another case decided after *Jury*, this court found that the district attorney's assertion of insufficient evidence, coupled with no opinion by the trial court, was a legal sufficiency matter requiring *de*

novo review. The *Michaels* court remanded the matter for a trial court opinion.

This case differs materially from *Michaels*. First, the trial court here has provided us with its rationale. Second, the district attorney here offered more than a mere legal insufficiency basis. Like the district attorney in *Metzker*, she supplemented her rationale with a post-investigation assessment of the case and a policy decision not to commence prosecution.

7. "Where the District Attorney concludes, *based on investigation*, that a conviction is doubtful or impossible, discretion can and should be exercised to refuse approval." *Metzker, supra* at 801.

to determine whether it was based on fraud, bad faith or unconstitutionality.[8]

¶ 16 Our evaluation is a simple one. Appellant makes no arguments sounding in bad faith, fraud or unconstitutionality. Further, the trial court does not mention such conduct nor does it note even an allegation of such conduct. Finally, our independent review reveals none. It appears that in this case the district attorney deemed the matter lacking in prosecutorial merit due to divergent and conflicting versions of events by those present at the incident. Such an assessment is not prohibited as there is no evidence it was motivated by bad faith or fraud and no proof that it is unconstitutional in its basis.

¶ 17 We hold that in reaching its conclusion, the trial court indeed was authorized to consider everything the district attorney considered. We also find that the trial court did not err in resolving this case in favor of the district attorney. The district attorney's decision was a policy based one for which there is no proscription. *See Metzker, supra.* As a result, we are compelled to affirm the order of the trial court, which upheld the decision of the district attorney to disapprove appellant's private complaint.

¶ 18 Order affirmed.

---

8. We may affirm an order of the trial court on any ground, regardless of the rationale employed by the trial court. *Commonwealth v. Petroski,* 695 A.2d 844, 847 (Pa.Super.1997).