**COMMONWEALTH of Pennsylvania**

v.

**Stanley S. SMITH, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 9, 2010.

Decided Sept. 9, 2010.

---

Stanley S. Smith, appellant, pro se.

Elizabeth Ann Hunt, Asst. Dist. Atty., Bellefote, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Stanley S. Smith (Smith) appeals, *pro se*, from an order of the Court of Common Pleas of Centre County (trial court), which dismissed the private criminal complaints filed by Smith against James T. Masullo, Jr. (Superintendent Masullo), Superintendent of the Bellefonte Area School District, and Kristopher M. Vancas (Officer Vancas), Attendance Compliance Officer of the Bellefonte Area School District, for failing to comply with the notice requirements of Section 1354 of the Public School Code of 1949(Act) [1], concerning giving notice to parents or guardians before initiating court action regarding a minor student's failure to attend school. We affirm.

▮▮▮ Smith made private criminal complaints with the District Attorney of Centre County, Michael Madeira (DA Madeira).[2] Smith alleged that Superintendent Masullo and Officer Vancas willfully refused to comply with Section 1354 of the Act, as they did not provide timely and proper notification to Smith before initiating court action against Smith in regard to the June 9, 2009, absence of Smith's eleven-year-old child. On December 2, 2009, DA Madeira sent a letter to Smith which stated as follows:

I have reviewed the Education Act and have determined that any failure to comply with appropriate notice requirements would result in a dismissal of charges against the Parent/Guardian, not the institution of charges against the school district.

Letter, DA Madeira, at 1.

On December 23, 2009, Smith filed a petition for review of the private criminal complaints and a brief in support of such private criminal complaint with the trial court. The trial court undertook a *de novo* review of the complaints, as DA Madeira's decision to decline such prosecution was based upon a legal evaluation of the sufficiency of the complaints.

▮▮▮ Upon review, the trial court determined in pertinent part as follows:

in parental relation to such children un- lawfully absent from school, the written notice hereinbefore provided, and if it shall appear that, within three (3) days thereaf- ter, any child, parent, guardian, or other person in parental relation shall have failed to comply with the provisions of this act, the superintendent, attendance officer, or secretary of the board of school directors, in the name of the school district, shall proceed against the person so offending, in accordance with the provisions of this act. (Emphasis added.)

2. As this case is an appeal from the dismissal of private criminal complaints, jurisdiction lies with the Superior Court. However, as no party has objected to jurisdiction, we will hear this matter, as jurisdiction has been "perfected" pursuant to 42 Pa.C.S. § 704.

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 13–1354. Section 1354 of the Act provides as follows:

It shall be the duty of every principal or teacher of a public school to report immedi- ately to the attendance officer, district su- perintendent, or secretary of the board of school directors, the names of all children in the list furnished to him who have not appeared for enrollment, and he shall also properly report, from time to time, to the attendance officer, district superintendent, or secretary of the board of school di- rectors, the names of all children who hav- ing enrolled have subsequently withdrawn from school, or who have been absent three (3) days, or their equivalent, without lawful excuse. **Such person shall thereupon serve upon the parent, guardian, or other person**

[A]ny failure to comply with appropriate notice requirements would result in the dismissal of charges against the Parent or Guardian and not in the institution of criminal charges against the school district, its officers, or agents. Accordingly, Petitioner's [Smith's] Private Criminal Complaints are[ ] DISMISSED.

Trial court opinion at 1. Smith appealed to this court.[3]

Essentially, Smith contends that the trial court erred and abused its discretion in disapproving the private criminal complaints drafted by Smith. Specifically, Smith contends that the trial court erred in its interpretation of what constitutes a violation of the Act when Superintendent Masullo and Officer Vancas willfully refused to comply with provisions of the Act and, thus, should be subject to penalties under Section 1355 of the Act, 24 P.S. § 13–1355. Further, when the school district officers and/or agents willfully refuse to comply with provisions of the Act, the criminal court has jurisdiction pursuant to 22 Pa.Code § 235.6.

■ First, we will address Smith's contention that the trial court has jurisdiction pursuant to 22 Pa.Code § 235.6, which provides in pertinent part as follows:

(b) The professional educator may not engage in conduct prohibited by:

(1) The Public School Code of 1949 (24 P.S. § 1–101—27–2702) and other laws relating to the schools or the education of children.

\* \* \*

(c) Violation of subsection (b) shall have been found to exist by an agency of proper jurisdiction to be considered an independent basis for discipline.

In accordance with the above, the trial court does not have jurisdiction. Rather, if there is a violation of the Act, jurisdiction would rest with "an agency".

■ Next, we will address Smith's allegation that the trial court erred in its interpretation of what constitutes a violation of the Act when Superintendent Masullo and Officer Vancas willfully refused to comply with provisions of the Act and, thus, should be subject to penalties under Section 1355 of the Act, 24 P.S. § 13–1355. Section 1355 of the Act provides as follows:

Any district superintendent, secretary of the board of school directors, attendance officer, or teacher of any public or private school, or any private teacher, or any principal or teacher in any institution for children, who willfully refuses or neglects to comply with the provisions of this act, shall be liable for and pay a penalty, for the use of the school district, not exceeding twenty-five ($25) and costs, and, in default of payment thereof, may be committed to the county jail for a period not exceeding thirty (30) days. Such penalty may be recovered by, and in the name of, any school district, as like penalties are now collected by law. Any such superintendent, secretary, attendance officer, or teacher, upon whom a fine is imposed, may, at any time within five (5) days thereafter, appeal to the court of quarter sessions in the proper county, on furnishing proper bail, with one (1) surety, in double the amount of such penalty and costs.

24 P.S. § 13–1355. A review of the Act reveals that a school district, not a parent, may recover such penalty.

■ Further, in the case of *In re Private Complaint of Adams*, 764 A.2d 577, 581 (Pa.Super.2000), the Superior

3. Our review is limited to whether the trial court abused its discretion or erred as a matter of law. *Michaels v. Barrasse*, 452 Pa.Super. 325, 681 A.2d 1362, 1364 (1996).

Court determined in pertinent part as follows:

> Traditionally, prosecutors in Pennsylvania have been given great latitude in deciding which cases to prosecute and in rejecting those which do not warrant prosecution. The power to prosecute is enormous, bringing as it does the resources of the Commonwealth to bear on the accused. Thus, we expect those entrusted with this authority to exercise it wisely, and not proceed where they conclude that a conviction cannot be attained.

It is the responsibility of both the district attorney and the trial court "to prevent the misuse of judicial and prosecutorial resources in pursuit of futile prosecutions." *Commonwealth v. Muroski*, 352 Pa.Super. 15, 506 A.2d 1312, 1317 (1986). Smith concedes that all charges against his family have been withdrawn due to the failure of the Bellefonte Area School District to comply with the appropriate notice requirement. The decision not to prosecute the individuals involved was reasonable. DA Madeira did not abuse his discretion in declining to approve the private criminal complaints of Smith. Similarly, the trial court did not abuse its discretion or commit an error of law by dismissing the private criminal complaints.

Accordingly, we affirm the decision of the trial court.

### ORDER

AND NOW, this 9th day of September, 2010 the order of the Court of Common Pleas of Centre County in the above-captioned matter is affirmed.