J-S55018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MELISSA HENICO, COUNSELOR, PA DEPT. OF CORRECTIONS | |
| APPEAL OF: GLUE WILKINS | No. 172 WDA 2015 |

Appeal from the Order Entered December 4, 2014
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-MD-0000642-2014

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 15, 2015**

Appellant, Allen Wilkins,[1] appeals *pro se* from the trial court's December 4, 2014 order denying his *pro se* "Petition for Review of the District Attorney's Disapproval of a Private Complaint." We affirm.

The trial court explained the factual and procedural history of this case as follows:

> This matter came before the [c]ourt on a *pro se* Petition for Review of the District Attorney's Disapproval of a Private Criminal Complaint Pursuant to Pa.R.Crim.P. No. 506(B)(2)….[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's correct name is Allen Wilkins; however, for reasons unknown to this Court, he identified himself as "Glue Wilkins" in all documents filed with this Court and the trial court.

[2] Pennsylvania Rule of Criminal Procedure 506, which governs the filing of private criminal complaints, states:

*(Footnote Continued Next Page)*

After review of the pleadings and the Criminal Complaint, the [c]ourt on December 4, 2014[,] denied the Petition without [a] hearing. Thereafter, [Appellant] filed an Appeal with the Superior Court. Pursuant to Pa.R.A.P. … 1925(b), … the [c]ourt directed [Appellant] to file a concise statement of [errors] complained of on Appeal. On December 11, 2014[, Appellant] filed a statement of questions involved. He claims that the District Attorney has failed to investigate his complaint and thereafter, has engaged in conduct constituting prosecutorial misconduct. [Appellant] has also filed a private criminal complaint against the Indiana County District Attorney. It is the Court's understanding that this complaint has been forwarded to the Office of the Attorney General for review.

At the time of the filing of the subject private criminal complaint, [Appellant] was an inmate at the State Correctional Institution – Pine Grove located in Indiana County. The Defendant in the private complaint is Melissa Henico who appears to be an employee of the Department of Corrections [(DOC)] at Pine Grove. [Appellant] claims that Ms. Henico has committed the offenses of Obstructing Administration of Law or Other Governmental Function, 18 Pa.C.S.A. §5101; Tampering With Public Records or Information, 18 Pa.C.S.A. §4911(a)(2)[;] and Accomplice Liability, 18 Pa.C.S.A. §306 as to the offenses of Kidnapping, 18 Pa.C.S.A. §2901; False Imprisonment, 18

*(Footnote Continued)* ───────────────────

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

Pa.C.S.A. §2903; Official [Oppression], 18 Pa.C.S.A. §5301; Securing Execution of Documents By Deception, 18 Pa.C.S.A. §4114; Tampering With Records or Identification, 18 Pa.C.S.A. §4104(a); Conspiracy, 18 Pa.C.S.A. §903; Hindering Apprehension or Prosecution, 18 Pa.C.S.A. §5105; Aiding in [Consummation] of a Crime, 18 Pa.C.S.A. §5107[;] and Harassment, 18 Pa.C.S.A. §2709. [Appellant] makes these allegations based upon a claim that Ms. Henico failed to correct his [DOC] Records as to his time served credit. [Appellant] also claims that Ms. Henico has the ability to release him from custody and refuses to do so.

Upon review of the private criminal complaint, Indiana County District Attorney Patrick Dougherty denied prosecution because "[Appellant] needs to follow Pa. DOC procedures prior to filing[."]

Trial Court Opinion (TCO), 2/25/15, at 1-2 (footnote omitted).

Appellant filed a timely *pro se* notice of appeal from the trial court's December 4, 2014 order denying his petition for review of the Commonwealth's disapproval of his private criminal complaint. Herein, Appellant raises two issues, which we reproduce verbatim:

1.) WHETHER THE COMPLAINTANT HAS COMPLIED WITH ALL THE REQUIREMENTS OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS POLICY FOR FILING CRIMINAL CHARGES?

***

2.) WHETHER THE INDIANA COUNTY OFFICE OF THE DISTRICT ATTORNEY HAS FAILED TO MEET THE INVESTIGATIVE DICTUM ESTABLISHED BY THE PENNSYLVANIA SUPREME AND SUPERIOR COURTS RELATIVE TO Pa.R.Crim.P. RULE 506 PRIVATE CRIMINAL COMPLAINTS?

Appellant's Brief at 1-2 (unnumbered).

Initially, we note that,

following the receipt of a petition to review the Commonwealth's decision to disapprove a private criminal complaint, the [common pleas] court must determine whether the Commonwealth's rationale for disapproving the private criminal complaint is for purely legal reasons or if it is based solely or in part on policy considerations. **In re Wilson**, 879 A.2d 199 (Pa. Super. 2005) (*en banc*). When the Commonwealth's disapproval is based wholly on legal considerations, the court employs a *de novo* review. **Id.** at 215, 218. Where the decision includes or is entirely based on policy considerations, the trial court reviews the Commonwealth's determination under an abuse of discretion standard. **Id.**

**Braman v. Corbett**, 19 A.3d 1151, 1157 (Pa. Super. 2011). Additionally:

When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the trial court's actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

**Michaels v. Barrasse**, 681 A.2d 1362, 1364-1365 (Pa. Super. 1996) (citation omitted).

Here, the trial court concluded that Appellant's "private complaint was denied by the District Attorney on the basis of the *legal conclusion* that [Appellant] did not exhaust his administrative remedies with the Department of Corrections." TCO at 3 (emphasis added). Therefore, the court applied a *de novo* standard of review.[3]   **Id.** Ultimately, the court upheld the Commonwealth's decision on different grounds than that which the Commonwealth cited for disapproving Appellant's private criminal complaint.

_____

[3] Appellant does not raise any claim regarding the standard of review applied by the trial court.

The court explained:

> Based upon a *de novo* review of the private complaint[,] the Court finds that the complaint is without merit. The essence of [Appellant's] complaint is that Ms. Henico is criminally culpable because she did not correct his DOC records as to credit for time served. As this Court held in [a separate] … civil action [by Appellant] against Ms. Henico, she has no authority to change [Appellant's] record as to credit for time served. Only the sentencing court can address credit issues. That court is the Court of Common Pleas of Dauphin County. ***McCray v. Pennsylvania Dept. of Corrections***, 582 Pa. 440, 872 A.2d 1127, 1133 (2005); ***Commonwealth v. Mann***, 957 A.2d 746, 749 (Pa. Super. 2008). Ms. Henico cannot be criminally culpable for not taking action she is prohibited by law from doing.

TCO at 3.

Appellant has failed to convince us that the trial court's decision to uphold the Commonwealth's disapproval of his private criminal complaint constituted an error of law or an abuse of discretion. Initially, the court is correct that in ***Mann***, we stated, "The Department of Corrections, an executive agency, has no power to change sentences, or to add or remove sentencing conditions, including credit for time served; this power is vested in the sentencing court." ***Mann***, 957 A.2d at 749 (citing ***McCray***, 872 A.2d at 1133). Therefore, Appellant's contention that Ms. Henico, a DOC employee, committed criminal offenses by not changing the time-served portion of his sentence is meritless.

Additionally, Appellant's two-page appellate brief is nearly incomprehensible. Most notably, his entire argument section amounts to the following two paragraphs, reproduced verbatim:

ARGUMENT [2119]: The Lower Court has averred that the Appellant did not comply with "DOC policy". However, the Appellant who has the heavy burden, has not been advised of WHAT? "DOC policies" were not complied with. This honorable Court WHO? in theory reviews the trial court's decisions have not been advised of WHAT? 'DOC policies" the Appellant has not complied with.

> *"Does it not seem peculiar? The {appellant} complaintant who has the heavy burden to show that the facts of the case lead to a conclusion is not permitted to see the facts. That we the appellate court, reviewing the trial court's decision, do not have the facts before us upon which we would base a decision. Have we gone through the looking glass? Are we in Wonderland ?*

> **In Re: Wilson**, 879 A.2d 199 (PA Super) (2005)

Appellant's Brief at 2 (unpaginated).

From what we can ascertain, Appellant believes that he *did* comply with DOC policy prior to filing his criminal complaint, and takes issue with the fact that he was not explicitly told what policy he failed to satisfy.[4]

_____

[4] While we make no determination on the propriety of the Commonwealth's disapproval of Appellant's private criminal complaint on the basis that he failed to comply with DOC policy, we note that Appellant attaches to his brief a document that, according to him, proves he "complied with all the DC-ADM 004 Criminal Violations and DC-ADM 804 Inmate Grievance System …. See Exhibit A." Appellant's Brief at 1 (unpaginated; emphasis omitted). The document attached to Appellant's brief, labeled "Exhibit A," is a "Final Appeal Decision" form issued by the Secretary's Office of Inmate Grievances & Appeals. That form reads, in pertinent part:

> You state that staff have not forwarded information to the Indiana County District Attorney's office although you expressed your desire for them to do so. Your concerns have been reviewed. Review of the record indicates that staff are not obligated to forward information from you to the District

*(Footnote Continued Next Page)*

However, Appellant disregards that, as evinced by the above-quoted portion of the trial court's opinion, the court did *not* uphold the Commonwealth's disapproval of the private complaint based on Appellant's failure to comply with DOC policy. Instead, the court concluded that Appellant's complaint was without merit because Ms. Henico cannot be criminally culpable for the offenses set forth by Appellant in that complaint. Appellant presents no argument to refute the court's decision in this regard; consequently, he has not proven that the court committed an error of law or abused its discretion.

Accordingly, we affirm the court's December 4, 2014 order denying Appellant's petition for review of the Commonwealth's disapproval of Appellant's private criminal complaint.

Order affirmed.

*(Footnote Continued)* ────────

Attorney's office. The responses provided to you by the Grievance Officer and the Superintendent are adequate. Therefore, your grievance appeal to this office is denied.

**See** Appellant's Brief at 3 ("Exhibit A"). We fail to see how this grievance form regarding the prison staff's failure to forward documents to the District Attorney's office has any relation to whether Appellant followed proper DOC procedures for raising his complaints against Ms. Henico prior to filing a private criminal complaint against her.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/15/2015