# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

National Collegiate                  :
Student Loantrust 2006-1             :
                                     :
            v.                       : No. 1340 C.D. 2016
                                     : Submitted: July 28, 2017
David Becirovic,                     :
                                     :
            Appellant                :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: September 19, 2017


David Becirovic appeals the June 7, 2016 order of the Court of Common Pleas of Cumberland County (trial court), denying his Petition for Judgment against the National Collegiate Student Loantrust 2006-1 (National Collegiate).

On July 18, 2005, Becirovic executed a promissory note to serve as co-signer on a private student loan for the academic period from July 2005 to July 2006. The original lender ultimately transferred and assigned the loan to National Collegiate. On October 17, 2009, the student borrower died. The last monthly loan payment was made on February 19, 2010.

On May 28, 2013, National Collegiate filed a civil action against Becirovic in Cumberland County Magisterial District 09-1-03, docketed at MJ-09103-CV-0000097-2013. On March 4, 2014, judgment was entered in Becirovic's favor. On March 20, 2014, National Collegiate appealed and filed a complaint with the trial court. Pa. R.C.P.M.D.J. No. 1004. Becirovic filed preliminary objections and National Collegiate filed an amended complaint. On April 15, 2016, Becirovic filed a complaint against National Collegiate and its counsel, alleging that both parties intentionally disregarded laws governing student loan debt and seeking unspecified damages. The complaint was filed with the same docket number and no responsive pleading was filed.

On April 25, 2016, National Collegiate filed a praecipe to withdraw its amended complaint. On May 27, 2016, Becirovic filed a petition for judgment. By order entered June 7, 2016, the trial court denied Becirovic's petition and closed the case. On June 24, 2016, Becirovic filed a motion for reconsideration, which the trial court denied on June 28, 2016. On July 22, 2016, Becirovic filed a notice of appeal to this Court.

Pursuant to Section 5571(b) of the Judicial Code, "an appeal . . . from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa. C.S. §5571(b). *See also* Pa. R.A.P. 903(a) (A notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken."). Becirovic filed his notice of appeal 45 days after the trial court's order denying his petition. Although Becirovic filed his appeal within 30 days of the denial of his reconsideration request, the refusal of a court to reconsider a final judgment is not reviewable on appeal. *In re Merrick's Estate*, 247 A.2d 786, 787

(Pa. 1968); *In re Appeal of Sgro*, 447 A.2d 325, 327 (Pa. Cmwlth. 1982). Filing a motion for reconsideration does not stay the appeal period; only when the trial court expressly grants a request for reconsideration is the appeal period tolled. Pa. R.A.P. 1701(b); *Merrick*, 247 A.2d at 788; *Oak Tree Condominium Association v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016). *See also Baker v. Chartiers Township*, 641 A.2d 688, 689 n.1 (Pa. Cmwlth. 1994) ("Where a trial court refuses to reconsider an order, appeal lies only from the underlying order and not from the refusal to reconsider. *City of Philadelphia v. Glim*, [613 A.2d 613, 616 n.1 (Pa. Cmwlth. 1992)].").

Assuming that this appeal is timely and that this Court's appellate jurisdiction has been perfected,[1] as noted by the trial court in its Pa. R.A.P. 1925(a) opinion, Becirovic has waived all issues for consideration on appeal. Becirovic failed to file a concise statement of errors complained of on appeal, pursuant to Pa. R.A.P. 1925(b), despite two orders from the trial court directing him to do so. "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). "[W]aiver under Rule 1925 is automatic." *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002).

---

[1] *See* Section 704(a) of the Judicial Code, 42 Pa. C.S. §704(a) ("The failure of an appellee to file an objection to the jurisdiction of an appellate court . . . shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court . . .."); *Commonwealth v. Smith*, 4 A.3d 227, 229 n.2 (Pa. Cmwlth. 2010) ("As this case is an appeal from the dismissal of private criminal complaints, jurisdiction lies with the Superior Court. However, as no party has objected to jurisdiction, we will hear this matter, as jurisdiction has been 'perfected' pursuant to 42 Pa. C.S. §704.").

Accordingly, we quash Becirovic's appeal.


_____
MICHAEL H. WOJCIK, Judge


Judge Cosgrove concurs in the result only.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

National Collegiate             :
Student Loantrust 2006-1        :
                                :
        v.                      :  No. 1340 C.D. 2016
                                :
David Becirovic,                :
                                :
            Appellant           :


O R D E R


AND NOW, this 19th day of September, 2017, the appeal of David Becirovic from the order of the Court of Common Pleas of Cumberland County, dated June 7, 2016, is QUASHED.


_____
MICHAEL H. WOJCIK, Judge