J-S32031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARTHUR WILLIAMS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| NANCY G. GIROUX, SUPERINTENDENT | : | |
| AT SCI ALBION; CHERYL GILL, | : | |
| RECORDS SUPERVISOR AT SCI | : | |
| ALBION; AND JACK DANERI, DISTRICT | : | |
| ATTORNEY OF ERIE COUNTY, PA, | : | |
| | : | |
| Appellees | : | No. 1902 WDA 2014 |

Appeal from the Order entered on October 31, 2014
in the Court of Common Pleas of Erie County,
Criminal Division, No. CP-25-MD-0000687-2014

BEFORE:  SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED JUNE 3, 2015**

Arthur Williams ("Williams") appeals, *pro se*, from the Order denying his Petition for Review of the Commonwealth's disapproval of his Private Criminal Complaint filed against Appellees Nancy G. Giroux ("Giroux"), Superintendent at SCI Albion; Cheryl Gill ("Gill"), the Records Supervisor at SCI Albion; and Jack Daneri ("District Attorney Daneri"), the District Attorney of Erie County.

In 1995, following the bench trial of Williams and his co-defendant, Brian Ross, the trial court convicted Williams of second-degree murder, robbery, criminal conspiracy and possessing an instrument of crime.  These convictions stemmed from a criminal episode that took place on October 23,

1990. During that episode, Williams fatally shot Clarence Davis ("Davis"), in front of Davis's boutique shop in Philadelphia. As this Court observed during Williams's direct appeal, on December 27, 1995,

> [Williams] was sentenced to life imprisonment[,] since a conviction for second-degree murder dictates a mandatory sentence of life imprisonment under 18 Pa.C.S.A. § 1102(b). In addition, [the trial court] imposed sentences of six (6) to twelve (12) years for robbery, five (5) to ten (10) years for criminal conspiracy, and one (1) to two (2) years for possessing an instrument of crime. All of these sentences were directed to run concurrently with the life imprisonment sentence imposed on [Williams's] first conviction for second-degree murder….

*Commonwealth v. Williams*, 718 A.2d 863 (Pa. Super. 1998), unpublished memorandum at 2 (quoting Trial Court Opinion, 5/30/97, at 1-2). This Court affirmed Williams's judgment of sentence. *Williams*, 718 A.2d 863.

Underlying the instant appeal, on September 15, 2014, Williams filed a Private Criminal Complaint against Giroux and Gill, alleging that they had violated the Crimes Code and his constitutional rights by his continued incarceration. Williams claimed that his detention was unlawful and illegal because his judgment of sentence did not conform to Judicial Code sections 9762 (relating to sentencing proceedings; place of confinement) and 9764 (relating to information required upon commitment and subsequent disposition). On October 14, 2014, District Attorney Daneri, in his capacity as District Attorney of Erie County, denied the Private Criminal Complaint as lacking prosecutorial merit. Williams filed a Petition for Review of the denial to the Court of Common Pleas of Erie County. On October 31, 2014, the

trial court denied the Petition as frivolous. Thereafter, Williams filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

Williams presents the following claims for our review:

I.  [Williams] contends that the District Attorney of Erie County, Pennsylvania[,] erred as a matter of law, abused its discretion or acted in an arbitrary or capricious manner, and/or violated [Williams's] constitutional rights by disapproving [Williams's] Private Criminal Complaint against [] Giroux … and [] Gill], … that set forth a strong *prima facie* showing that they are breaking the laws of this Commonwealth[,] as well as … violating [Williams's Fourth, Fifth, Eighth, Thirteenth and Fourteenth] Amendments rights [*sic*] to both the State and Federal Constitutions.

II.  [Williams] contends that the trial court erred as a matter of law, abused its discretion or acted in an arbitrary or capricious manner, and/or violated [Williams's] constitutional rights in denying [his] Petition for Review and affirming the District Attorney's denial of [Williams's] Private Criminal Complaint against [] Giroux … and [] Gill, that set forth a strong *prima facie* showing that they are subjecting [Williams] to official oppression with a number of other criminal offenses[,] also, involuntary servitude, peonage, and penal servitude, as they are unlawfully restraining [Williams] of his liberty[,] in violation of his Fourth, Fifth, Eighth, Thirteenth and Fourteenth] Amendments rights [*sic*] to both the State and Federal Constitutions[,] and Art. 3 and 4 of [the] Universal Declaration of Human Rights, because [Williams] has not ever been convicted and sentenced by a court of law[,] through a legal[,] written, signed and sealed sentencing Order/Judgment.

Brief for Appellant at 2. Because they are related, we will address Williams's claims together.

Williams claims that District Attorney Daneri improperly denied his Private Criminal Complaint. *Id.* at 5. Williams asserts that SCI-Albion is unlawfully restraining his liberty, without a valid sentencing order "being written and entered onto the record of the courts …." *Id.* According to Williams, it was the former practice in Philadelphia not to issue signed sentencing orders. *Id.* Williams further asserts that District Attorney Daneri's denial was "patently discriminatory," as he is a minority, low-income citizen. *Id.* at 6.

Williams also claims that the trial court abused its discretion and committed fraud by denying his Petition for Review. *Id.* at 7. Williams asserts that the Commonwealth could have successfully proven that Giroux and Gill are breaking the law and violating his constitutional rights. *Id.* Williams contends that his Petition for Review informed the trial court that he was never convicted and sentenced by a court of law through a legal, written, signed and sealed sentencing order or judgment. *Id.* at 12.

A determination that a private criminal complaint "lacks prosecutorial merit" is a policy determination. *In re Private Complaint of Adams*, 764 A.2d 577, 581 (Pa. Super. 2000). When a district attorney's denial of a private criminal complaint is based wholly on policy considerations, then the trial court must defer to the prosecutor's discretion absent a gross abuse of that discretion. *In re Private Crim. Complaint of Wilson*, 879 A.2d 199, 212 (Pa. Super. 2005). Thereafter, this Court will review the trial court's

decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters. ***Commonwealth v. Michaliga***, 947 A.2d 786, 791 (Pa. Super. 2008).

A district attorney's decision to not prosecute a criminal complaint for policy reasons carries a presumption of good faith and soundness. ***Id.*** Therefore, the complainant must create a record demonstrating that the district attorney's decision amounted to bad faith, fraud or unconstitutionality. ***In re Private Crim. Complaint of Rafferty***, 969 A.2d 578, 581-82 (Pa. Super. 2009). The complainant must show that the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest. ***Michaliga***, 947 A.2d at 791-92.

In particular, Williams invokes Judicial Code section 9764[1] in support of his claims. Section 9764(a)(8) provides that

> upon commitment of an inmate to the custody of the Department of Corrections ["DOC"], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system . . . [a] copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S.A. § 9764(a)(8). Surprisingly, Williams is not the first person to invoke Judicial Code section 9764 in challenging his detention.

---

[1] Williams does not set forth any legal argument pertaining to section 9762 of the Judicial Code. Accordingly, we confine our discussion to section 9764.

- 5 -

In ***Joseph v. Glunt***, 96 A.3d 365 (Pa. Super. 2014), the appellant filed a petition for *habeas corpus* relief, arguing that his current sentence was illegal "because the DOC does not have a written copy of the sentencing order[.]" ***Id.*** at 368. This Court rejected the appellant's claim, concluding that

> [t]he language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention.[FN] **None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.**
>
> ---
>
> [FN] Subsection (b) of the statute provides for the transmission by the court of various sentencing-related documents to the county jail; subsection (c) addresses the transmission of the documents identified in subsection (b) by the county jail to DOC in the event that the prisoner is transferred before those documents arrived at the county jail; subsection (d) addresses DOC's obligations to transfer certain documents to the county jail when a prisoner is returned to county custody from state custody; subsections (e), (f), and (g) address various administrative steps that must occur prior to or in tandem with the release of an inmate from county or state custody into county or state probation or parole; subsections (h) and (i) pertain to the disposition of inmate moneys and the satisfaction of any remaining restitution or other financial obligations; subsection (j) provides for the transfer of certain documentation upon the release of a prisoner by DOC upon the expiration of a prisoner's maximum sentence; and subsections (k) and (l) concern the scope of section 9764.

- 6 -

*Id.* at 371 (footnote in original, emphasis added). Thus, the absence of a written sentencing order does not render Williams's detention illegal, nor is the failure to produce such order a crime.

Further, the criminal docket reflects that Williams was sentenced on December 27, 1995. On direct appeal, this Court set forth and considered Williams's sentence, which was not disputed, and concluded that Williams's challenge to the legality of his sentence lacked merit. **See Williams**, 718 A.2d 863, unpublished memorandum at 2 (quoting Trial Court Opinion, 5/30/97, at 1-2 and setting forth the sentences imposed for Williams's convictions), 9 (wherein this Court rejected Williams's challenge to the legality of his sentence).

Based upon the foregoing, we discern no merit to Williams's claims. Even in the absence of a written sentencing order, Giroux and Gill had continuing legal authority to detain Williams. We further discern no abuse of discretion by the trial court in denying Williams's Petition for Review of the decision of the District Attorney. Thus, Williams's claims fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015