**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  RYAN RICHARD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  RYAN RICHARD | No. 624 MDA 2016 |

Appeal from the Order Entered April 4, 2016
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-MD-0001683-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED MARCH 20, 2017**

Appellant, Ryan Richard, appeals *pro se* from the order affirming the denial of his private criminal complaint, which was disapproved by the Office of the Attorney General (OAG).  We affirm.

We take the factual and procedural history in this matter from our review of the certified record.  On July 2, 2015, Appellant, currently an inmate at SCI Camp Hill, submitted to the district attorney (who transferred it to the OAG for review) a private criminal complaint against Stacy Parks Miller, the District Attorney of Centre County.[1]  In his complaint, Appellant alleged that Ms. Parks Miller forged the name of Centre County Court Judge

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The OAG reviewed this matter because of the status of Ms. Parks Miller.

Pamela Ruest on a bail order for Robert Albro, a government informant who was trying to get Appellant to incriminate himself in criminal activity. (*See* Trial Court Opinion, 4/04/16, at unnumbered page 1).

The OAG declined to prosecute Ms. Parks-Miller, relying on a report from the 37th Investigating Grand Jury, which recommended that no charges be filed arising out of the Albro matter. (*See* Letter from Executive Deputy Attorney General Lawrence M. Cherba to Appellant, 8/13/15, at 1 (announcing decision of OAG)). On September 28, 2015, Appellant petitioned the Centre County Court of Common Pleas to review the OAG's disapproval. The court heard argument on Appellant's petition on March 11, 2016. On April 4, 2016, the trial court denied Appellant's petition. (*See* Trial Ct. Op., at unnumbered pages 1-2). Appellant timely filed a notice of appeal on April 14, 2016, and a court-ordered Rule 1925(b) statement on May 23, 2016. *See* Pa.R.A.P. 1925(b). The court filed its opinion on July 7, 2016, wherein it relied on the reasoning provided in its April 4, 2016 order and opinion. *See* Pa.R.A.P. 1925(a).

Appellant raises three issues for our review:

I. Did the trial court err in reviewing the [OAG's] disapproval of Appellant's private criminal complaint under an abuse of discretion standard, where the disapproval was based solely on a grand jury report concluding that there was insufficient evidence to prosecute Parks Miller?

II. Did the trial court commit error by failing to consider genuine signatures of the Honorable Pamela Ruest clearly demonstrating that Centre County District Attorney Stacy Parks Miller had committed the crimes of [f]orgery and [t]ampering with [p]ublic [r]ecords, as alleged by Parks Miller's former paralegal?

- 2 -

III. Should the matter be remanded to the trial court for a hearing/investigation into whether Kathleen Kane, as revealed in the April 1, 2016, edition of The Legal Intelligencer, unlawfully directed that the [f]orgery/[t]ampering with [p]ublic [r]ecords investigation into Parks Miller be "killed . . . as soon as it came in the door"?

(Appellant's Brief, at 4).

In his first issue, Appellant claims that the trial court erred when it reviewed the OAG's decision to disapprove the private criminal complaint for an abuse of discretion, rather than conducting a *de novo* review. (**See** Appellant's Brief, at 13-15). We disagree.

Our standard of review for a trial court's denial of review of the Commonwealth's approval or disapproval of a private criminal complaint is well-settled: "[o]n appeal, this [C]ourt is limited to determining whether the trial court abused its discretion." ***In re Private Complaint of Adams***, 764 A.2d 577, 579 (Pa. Super. 2000) (citation omitted). Furthermore, this Court has explained that:

> It is settled that following the receipt of a petition to review the Commonwealth's decision to disapprove a private criminal complaint, the court must determine whether the Commonwealth's rationale for disapproving the private criminal complaint is for purely legal reasons or if it is based solely or in part on policy considerations. When the Commonwealth's disapproval is based wholly on legal considerations, the court employs a *de novo* review. Where the decision includes or is entirely based on policy considerations, the trial court reviews the Commonwealth's determination under an abuse of discretion standard. . . .

***Braman v. Corbett***, 19 A.3d 1151, 1157 (Pa. Super. 2011) (citations omitted); ***see also In re Wilson***, 879 A.2d 199, 215 (Pa. Super. 2005) (*en*

- 3 -

*banc*) ("We further hold that when the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion.").

Here, the OAG disapproved Appellant's private criminal complaint after the 37th Statewide Investigating Grand Jury released its report in this matter recommending that no criminal charges be filed. The trial court concluded that a recommendation that no charges be filed is a conclusion that the case lacked prosecutorial merit, which is primarily a policy consideration. (**See** Trial Ct. Op., at unnumbered pages 1-2); **see also In re Private Criminal Complaints of Rafferty**, 969 A.2d 578, 582 (Pa. Super. 2009) (concluding that "a determination that the case 'lacks prosecutorial merit' is a 'policy determination'" subject to abuse of discretion standard of review) (citations omitted). "We will not disturb the trial court's ruling unless there are no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable." **Braman**, **supra** at 1158 (citation and internal quotation marks omitted).

We conclude that the trial court did not err in applying an abuse of discretion standard of review, where it concluded that the OAG's decision to disapprove Appellant's private criminal complaint was at least in part a policy consideration. (**See** Trial Ct. Op., at unnumbered page 2); **Braman**, **supra** at 1157; **In re Wilson**, **supra** at 215. Appellant's first issue does not merit relief.

- 4 -

In his second issue, Appellant claims that the trial court erred when it "concluded that it could not examine the fake bail order vis-a-vis genuine exemplars of Judge Ruest's signature to independently determine whether the signature on the fake order was a forgery." (Appellant's Brief, at 15; *see id.* at 15-16). We disagree.

> The private criminal complainant has the burden to prove the district attorney abused his discretion, and that burden is a heavy one. . . . [T]he private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.
>
>                      \*     \*     \*
>
> . . . [T]he appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without legitimate basis in the record, substituted its own judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

*In re Wilson*, *supra* at 215; *see also Braman*, *supra* at 1160 ("[A] private criminal complainant is not entitled to an evidentiary hearing regarding the trial court's review of the Commonwealth's decision.") (citation omitted).

Here, after determining that the OAG disapproved the complaint for a mixture of policy and legal reasons, the trial court conducted an abuse of discretion review of the OAG's decision. (*See* Trial Ct. Op., at unnumbered pages 1-2). Appropriately, in that review, it did not reconsider the evidence, but rather considered whether the OAG's disapproval was an abuse of discretion, concluding that it was not. (*See id.* at unnumbered page 2); *see also In re Wilson*, *supra* at 215 (defining abuse of discretion as a judgment which is "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will.") (citation omitted). Hence, we conclude that the trial court did not err when it declined to make an independent inquiry concerning evidence that had already been presented to and considered by the 37th Statewide Grand Jury Investigation and the OAG. Appellant's second issue does not merit relief.

In his third issue, Appellant requests that this Court remand for an evidentiary hearing. (*See* Appellant's Brief, at 17). Specifically, he maintains that "[t]his Court should remand the present matter for a hearing into whether the report of [previous Attorney General Kathleen] Kane's Grand Juy 'exonerating' Parks Miller, and by extension the disapproval of Appellant's complaint, were products of corrupt influence." (*Id.*).[2] Because

---

[2] In support of this argument, Appellant has filed an Addendum to Argument with this Court, purporting to present evidence in support of his appeal. (*See* Addendum to Argument, 11/20/16). However, because the scope of our review entails the certified record on appeal, as certified by the clerk of
*(Footnote Continued Next Page)*

Appellant did not raise this issue before the trial court, it is waived and cannot be raised for the first time on appeal. **See** Pa.R.A.P. 302(a). Thus, Appellant's third issue is waived.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017

_____

*(Footnote Continued)* ————————

the trial court, and these documents are not part of that record, we have not considered them. **See** Pa.R.A.P. 1921; **Commonwealth v. Preston**, 907 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) ("[I]f a document is not in the certified record, the Superior Court may not consider it.").