J-S36014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: WILLIAM EINLOTH PRIVATE CRIMINAL COMPLAINT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: WILLIAM EINLOTH | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 533 WDA 2020 |

Appeal from the Order Entered March 9, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s): MD-218-2020

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 18, 2020**

Appellant, William Einloth, appeals *pro se* from the order entered on March 9, 2020. We affirm.

The trial court ably summarized some of the underlying facts of this case:

> On March 4, 2020, [Appellant filed a petition under Pennsylvania Rule of Criminal Procedure 506(B)(2),[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Rule 506, entitled "Approval of Private Complaints," declares:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

> (B) If the attorney for the Commonwealth:

requesting that the trial court] review the decision of the Washington County District Attorney[] . . . to deny his private criminal complaint. The request is an outgrowth of Evano Lenzi's estate that was probated in Washington County at docket number OC-2017-192.

Mr. Lenzi passed away on January 30, 2017. Michael Bingey, Mr. Lenzi's nephew, filed a petition for letters of administration on February 15, 2017. Nieces Marilyn Cornish and Marianne [DiGorio] signed letters renouncing and requested that Mr. Bingey administer the estate. On March 19, 2019, Judge Michael Lucas issued an order approving the settlement of the estate. In [the] order, [Judge Lucas declared] that "all issues and claims pending before the court regarding this estate are hereby dismissed with prejudice." Further, on October 29, 2019, Judge John DiSalle issued a final distribution decree.

Trial Court Opinion, 3/9/20, at 1-2 (some capitalization and corrections omitted).

Within Appellant's first private criminal complaint, Appellant accused Washington Financial Bank (hereinafter "the Bank") of committing perjury. The charge related to the Bank's search of Mr. Lenzi's safe deposit box, in its attempt to discover whether Mr. Lenzi possessed a will. Appellant alleged:

Perjury – by filing [Pennsylvania Department of Revenue Form] REV-487, Entry into Safe Deposit Box to Remove a Will

---

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

or Cemetery Deed and record of entry into the safe deposit box (locally produced) dated 2/7/17. On 6/21/18 the executor's attorney, Jeffrey Lochner furnished me with a copy of the REV-485 in [lieu] of 487 that I had requested. On 7/11/19 he indicated that he was unaware if the bank gave Mike a copy of the form/record or not. The next day, Mr. Lochner informed me that he will check with Harrisburg (Dept of Revenue) to see if the 487 form was filed in this case. Title 61 chapter 93 inheritance Tax Division outlines the requirements of a will search. [Issues] with REV-487 and record of will search furnished by the bank are:

   a. The date was omitted on the form REV-487, but stamped by the Register of Wills.

   b. The signatures of Michael J. Bingey (estate administrator) and Marianne Digorio (sister) are of poor quality and seem to be copied from another source.

   c. The printing of the bank's witness does not resemble the comment "no will was in box".

   d. The bank didn't provide a copy of the record to (b) upon completion of the will search.

Appellant's First Private Criminal Complaint, dated 12/10/19, at 2.

Appellant requested that the Commonwealth approve his complaint and charge the Bank with perjury. *See id.* Further, Appellant requested that: "criminal laboratory services verify the documents. Hand writing experts need the original and samples that are questioned vs known plus requested vs non-requested to carry out the analysis. It will be impossible for me to obtain the required documents." *Id.*

The Commonwealth disapproved the first complaint for the stated reasons that the complaint "lacks prosecutorial merit" and there exists an "adequate civil remedy." *See id.*

On March 9, 2020, Appellant filed, with the court of common pleas, a petition to review the Commonwealth's decision disapproving his first private criminal complaint. **See** Appellant's First Petition, 3/9/20, at 1-2. The trial court denied Appellant's petition on March 9, 2020 and Appellant filed a timely notice of appeal.[2, 3] Appellant raises one claim to this Court:

---

[2] On March 16, 2020, the Pennsylvania Supreme Court declared a general, statewide judicial emergency because of the coronavirus that causes COVID-19. **In re: General Statewide Judicial Emergency**, 228 A.3d 1281 (Pa. 3/16/20) (*per curiam*). In its subsequent orders, the Supreme Court expanded the scope and extended the length of the judicial emergency. Further, as is relevant to the case at bar, the Supreme Court generally suspended "all time calculations for purposes of time computation relevant to court cases or other judicial business, as well as time deadlines." **See In re: General Statewide Judicial Emergency**, 228 A.3d 1283 (Pa. 3/18/20) (*per curiam*). As to the general suspension of time calculations and deadlines, on April 28, 2020, the Supreme Court ordered: "legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." **In re: General Statewide Judicial Emergency**, ___ A.3d ___, 2020 WL 3263261 (Pa. 4/28/20) (*per curiam*) (emphasis omitted).

The trial court denied Appellant's petition on March 9, 2020. Thus, in the absence of the general, statewide judicial emergency, Appellant's notice of appeal would have been due on or before April 8, 2020. **See** Pa.R.A.P. 903(a). However, the Pennsylvania Supreme Court's April 28, 2020 order extended Appellant's filing date to May 11, 2020; and, since Appellant filed his notice of appeal on April 27, 2020, Appellant's notice of appeal is timely.

[3] The record reveals that Appellant filed a second private criminal complaint, which named Michael Bingey as the defendant, and, after the disapproval of the second private criminal complaint, Appellant filed a second petition in the court of common pleas for review. The court of common pleas then apparently assigned this second petition the same docket number as the first petition and denied Appellant's second petition on May 22, 2020. **See** Trial Court Order,

- 4 -

> Both private criminal complaints were not fully investigated by the District Attorney Office of Washington County. The court dismissed the non-compliance of Pennsylvania estate laws and procedures that outline the forms to be used during probate of an estate.

Appellant's Brief at 7 (some capitalization omitted).[4]

In essence, Appellant claims that the trial court erroneously dismissed his Rule 506 petition for review. This claim fails.

"A private criminal complainant is permitted to seek judicial review of the denial of his or her complaint by the district attorney." **In re Private Complaint of Adams**, 764 A.2d 577, 579 (Pa. Super. 2000). "Where the district attorney's denial is based [solely] on a legal evaluation of the evidence, the trial court undertakes a *de novo* review of the matter." **Id.** "[W]hen the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion." **In re Wilson**, 879 A.2d 199, 215 (Pa. Super. 2005). "This

_____

5/22/20, at 1-4. Regardless of the procedural irregularities in assigning the second petition the same docket number as the first petition, any appeal from the denial of Appellant's second petition is not presently before this Court. **See** Appellant's Notice of Appeal, 4/27/20, at 1-4 (expressly appealing from the denial of the first petition for review); Appellant's Docketing Statement, 5/15/20, at 1-2 (same). Thus, we will not consider any claim in Appellant's brief that relates to the dismissal of his second petition, as those claims are not properly before this Court.

[4] As explained above, any claim related to the dismissal of Appellant's second petition is not properly before this Court and will not be discussed in this memorandum. **See supra** n.3.

deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions." *Id.*

In this case, the district attorney disapproved Appellant's private criminal complaint because the complaint "lack[ed] prosecutorial merit" and there existed an "adequate civil remedy." Appellant's First Private Criminal Complaint, dated 12/10/19, at 2. Both stated reasons are policy determinations. *See Commonwealth v. Metzker*, 658 A.2d 800, 801 (Pa. Super. 1995) (holding: "[a] determination that the case lacks 'prosecutorial merit'" is a rejection on policy grounds); *Commonwealth v. Michaliga*, 947 A.2d 786, 791 (Pa. Super. 2008) (holding: a district attorney's determination that there is an "adequate civil remedy" "constitutes a policy-based reason for disapproval of [the] charges"). Therefore, the trial court's standard of review of the district attorney's decision was abuse of discretion and our review of the trial court's decision is for an abuse of discretion. *In re Wilson*, 879 A.2d at 215.

We have explained that, where the "private criminal complainant has the burden to prove the district attorney abused his discretion, [the] burden is a heavy one." *Id.*

> In the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in

the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed.

Thereafter, the appellate court will review the trial court's decision for an abuse of discretion, in keeping with settled principles of appellate review of discretionary matters. ***See Commonwealth v. Hunt***, 858 A.2d 1234 (Pa. Super. 2004) (*en banc*) (*citing **Commonwealth v. Jones***, 826 A.2d 900, 907 (Pa. Super. 2003) (*en banc*)) (stating: "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused").

The district attorney's decision not to prosecute a private criminal complaint for reasons including policy matters carries a presumption of good faith and soundness. The complainant must create a record that demonstrates the contrary. Thus, the appropriate scope of review in policy-declination cases is limited to whether the trial court misapprehended or misinterpreted the district attorney's decision and/or, without legitimate basis in the record, substituted its own judgment for that of the district attorney. We will not disturb the trial court's decision unless the record contains no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable. Otherwise, the trial court's decision must stand, even if the appellate court would be inclined to decide the case differently.

***In re Wilson***, 879 A.2d at 215 (some citations omitted).

Simply stated, within Appellant's Rule 506 petition for review, Appellant did not attempt to "demonstrate [that] the district attorney's decision amounted to bad faith, fraud or unconstitutionality." ***See id.*** Instead, Appellant's petition merely states:

The undersigned [hereby] requests [] the Court of Common Pleas of Washington County review the decision of the Washington County District Attorney [] to disapprove the private criminal complaint on 27 December 2019 and makes the following averments.

1. Evano Lenzi passed away 30 January 2017, predeceased by his wife Cecelia on November 22[,] 2016.

2. Michael Bingey and Marianne DiGorio searched the Lenzi's safe deposit box at Washington Financial Bank on 7 February 2017.

3. Petition for grant of letters (File No 63-17-0192) was filed by Michael Bingey February 15[,] 2017 and granted by Register of Wills.

4. First request to estate administrator's lawyer to obtain will search document(s) provided from Washington Financial Bank resulted in attached letter dated June 21[,] 2018 indicating safe deposit box inventory is filed directly with the PA Department of Revenue. Second attempt on July 11[,] 2019 via attached email, the attorney is not sure if the bank provided a copy to administrator of estate.

5. A letter ruling request was sent to the Department of Revenue Chief Counsel on 12 August 2019 to submit documentation to record will search to Register of Wills office. Their reply and the request are attached.

6. On 14 November 2019 a letter was sent to Washington Financial Bank requesting will search documentation.

7. On 22 November 2019 Washington Financial Bank provided Form REV-487 and locally produced Acknowledgment to Enter Safe Deposit Box of Decedent which was filed at the Register of Wills office on November 21[,] 2019.

Wherefore, the affiant requests this Honorable Court approve the criminal complaint so that laboratory services can verify the documents, especially the printed "no will was in box" to that of the customer service witness.

Appellant's First Petition, 3/9/20, at 1-2 (some capitalization omitted).

Appellant's petition contains no allegations of bad faith, fraud, or unconstitutionality by the district attorney and the averments within the petition cannot, in any sense, be interpreted to amount to bad faith, fraud, or unconstitutionality on the district attorney's part. Therefore, the trial court did not abuse its discretion when it denied Appellant's petition. **See In re Wilson**, 879 A.2d at 215 ("[i]n the Rule 506 petition for review, the private criminal complainant must demonstrate the district attorney's decision amounted to bad faith, fraud or unconstitutionality. The complainant must do more than merely assert the district attorney's decision is flawed in these regards. The complainant must show the facts of the case lead only to the conclusion that the district attorney's decision was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. In the absence of such evidence, the trial court cannot presume to supervise the district attorney's exercise of prosecutorial discretion, and should leave the district attorney's decision undisturbed"). Appellant's claim on appeal thus fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2020

- 9 -