**Robin Lee HEARN, Appellant,**

**v.**

**Linda MYERS, Debra Shippman, and Greg Verico, Appellees.**

Superior Court of Pennsylvania.

Submitted May 19, 1997.
Filed Aug. 22, 1997.

Robin Lee Hearn, Pro Se.

Kenneth A. Osokow, District Attorney, Williamsport, for appellees.

Thomas A. Marino, District Attorney, Williamsport, for Commonwealth, participating party.

Before POPOVICH, HUDOCK and HOFFMAN, JJ.

HUDOCK, Judge.

Robin Lee Hearn (Appellant) appeals from the order of the trial court affirming the district attorney's denial of his private criminal complaint. We affirm.

The facts and procedural history may be summarized as follows: On October 19, 1995, Appellant's apartment was burglarized. The next morning, he reported the incident to the police. After investigation, the police determined the identity of the individuals involved in the burglary. All three suspects confessed to their participation in the burglary. The police then contacted Appellant to inform him of the results of their investigation, and that charges were being sought against all three individuals. At this point, Appellant learned the identity of all three suspects. Initially, he declined to press charges because he was intimately involved with one suspect, Linda Myers. According to police,

Appellant was unwilling to file charges if Linda Myers was to be prosecuted along with the other two perpetrators. Therefore, the police never filed charges and the investigation was dropped. Approximately four months later, Appellant filed a private criminal complaint pursuant to Pa.R.Crim.P. 106, 42 Pa.C.S.A., which the district attorney denied. After a hearing on May 28, 1996, the trial court affirmed the district attorney's disapproval of Appellant's private complaint. This appeal followed. Appellant presents the following issue on appeal:

WHETHER THE TRIAL COURT ERRED WHEN IT DENIED APPROVAL OF THE APPELLANT'S PRIVATE CRIMINAL COMPLAINT?

Appellant's Brief at 4.

With regard to a private criminal complaint, a plurality of this Court has recently stated that the standard of review is as follows:

When a trial court is asked to review a prosecutor's disapproval of a private criminal complaint, the trial court must first determine the rationale behind the prosecutor's decision. If the prosecutor's decision was based upon a legal evaluation of the sufficiency of the complaint, then the trial court must undertake a *de novo* review of the complaint to ascertain whether it establishes a *prima facie* cause of action. If, however, the prosecutor's decision was based upon a policy determination that it would not be in the best interests of the Commonwealth to prosecute, then the trial court must defer to the prosecutor's discretion absent a gross abuse of that discretion.

In determining whether a gross abuse of discretion has occurred, the common pleas court must consider whether the policy advanced by the prosecuting authority comports with both the law and justice. A policy must embrace the general principles by which the prosecutor is guided in the management of its public responsibilities. A policy connotes a definite course or method of action selected in light of given conditions to guide and determine both present and future decisions. Therefore, it is expected that a prosecutor should be

prepared to advance evidence that confirms the establishment of the policy, as well as corroborates its application to matters of similar, or like, import.

This in no way suggests that the common pleas court may substitute its judgment for that of the prosecutor. But where the prosecutor seeks to rest the decision not to prosecute on policy grounds, the prosecutor must be prepared to come forward with a clear statement as to the particular policy that dictates policy relates to the particular facts being advanced by the private prosecutor.

When an appeal is brought from a common pleas court's decision regarding the approval or disapproval of a private criminal complaint, an appellate court is limited to ascertaining the propriety of the *trial court's* actions. Thus, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

*Commonwealth v. Brown*, 447 Pa.Super. 454, 466–67, 669 A.2d 984, 990 (1995)(*en banc*)(emphasis in original), *alloc. granted in part*, 544 Pa. 677, 678 A.2d 367 (1996). *Accord: Commonwealth v. McGinley*, 449 Pa.Super. 130, 134–38, 673 A.2d 343, 345–46 (1996)(*en banc*) (plurality). *See also, Michaels v. Barrasse*, 452 Pa.Super. 325, 328–30, 681 A.2d 1362, 1364–65 (1996).

In the instant case, the district attorney's disapproval of the private complaint was predicated solely upon policy considerations. According to the district attorney, disapproval was based upon a policy concern that individuals cannot dictate to the Commonwealth when and whom to prosecute; when an individual initially declines to press charges for personal reasons, he cannot be permitted months later to change his mind and institute a criminal prosecution. Additionally, the district attorney rested disapproval upon the fact that the Appellant had civil remedies available to him.

After a hearing on May 28, 1996, the trial court affirmed the district attorney's disapproval of Appellant's private criminal complaint. The trial court determined that the district attorney had sufficiently reviewed the situation and denied the complaint based upon valid policy concerns. Although the trial court hinted that it might not agree with the district attorney's decision, it stated that it "[did not] have the authority" to overturn the decision. N.T., 5/28/96, at 16. Appellant contends that the trial court committed an error of law in making this statement because the trial court has the authority to order prosecution under Pa.R.Crim.P. 106. Appellant, however, takes the trial court's statement out of context. By the statement, the trial court was not suggesting that it had no authority under Rule 106 to order prosecution. Rather, the trial court was implying that it did not have the authority to overturn the district attorney's determination because no gross abuse of discretion had occurred.

Appellant next contends that the trial court erred in affirming the district attorney's ruling because the district attorney failed to present evidence of an established policy supporting the disapproval of the complaint. *See Brown, supra.* Appellant claims that the district attorney disapproved his private complaint based upon a "bald assertion" of policy considerations unsubstantiated by any evidence. Appellant's Brief at 12.

 The first policy concern that the district attorney asserts is that individuals cannot dictate to the Commonwealth who and when to prosecute. The district attorney is afforded the power to prosecute on behalf of the Commonwealth, and to decide whether and when to prosecute. *Petition of Piscanio*, 235 Pa.Super. 490, 492, 344 A.2d 658, 660 (1975). The power to approve or disapprove private criminal complaints is consistent with the authority that the district attorney exercises in deciding to initiate or discontinue prosecutions. *Id.* To permit Appellant's criminal complaint would severely undermine the district attorney's prosecutorial discretion. It would allow individuals who initially declined to press charges to return months or years later and order the district attorney to prosecute. It would also permit individuals to arbitrarily choose whom to prosecute for a crime, instead of all parties responsible. A system such as this would severely restrain the district attorney's ability to perform his official duties.

 Additionally, the private complaint was disapproved based on the fact that the Appellant had civil remedies available to him.

Taking into consideration the circumstances of the case, the district attorney decided that the case should be pursued civilly.[1] "If a private prosecutor feels individually harmed his remedy is a civil suit for damages." *Commonwealth v. Pritchard,* 408 Pa.Super. 221, 228, 596 A.2d 827, 831 (1991) (*quoting Petition of Piscanio,* 235 Pa.Super. 490, 496, 344 A.2d 658, 661–62 (1975)). The district attorney has the discretion to decline prosecution when adequate civil remedies are available to redress grievances. *See generally, Commonwealth v. McGinley,* 449 Pa.Super. 130, 673 A.2d 343 (1996). Based on the foregoing, we find that both policies advanced by the district attorney are sufficient to justify the withholding of prosecution in accordance with *Brown.*

Appellant also alleges bias on behalf of the prosecutor in disapproving his complaint. The claim, however, is unsupported by the record and is denied.

■ Appellant's final contention is that the trial court erred in not ordering prosecution when it was mandated under the "clear and present danger" exception to Pa.R.Crim.P. 106. As this claim was never brought before the trial court, it is waived. Issues cannot be raised for the first time on appeal. Pa. R.A.P. 302, 42 Pa.C.S.A.

In conclusion, we find that the trial court did not abuse its discretion or commit an error of law in affirming the district attorney's disapproval of Appellant's private criminal complaint.

Order affirmed.

---

1. In determining the case should be pursued civilly, the record reveals that the district attorney considered the following factors: 1) Appellant was in an intimate relationship with one individual involved in the burglary; 2) the other two participants were acquaintances of his; 3) the individuals involved claimed to break-in because the Appellant owed them money, and they believed he was hiding in the apartment; and 4) a significant dispute existed as to what was stolen from the apartment. The individuals involved admitted only to taking packages of frozen meat. The Appellant, however, claims that a checkbook and $550.00 were also stolen.