J-S80026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: KOLMAN, TIMOTHY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: TIMOTHY KOLMAN | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 890 EDA 2017 |

Appeal from the Order Entered February 6, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-MD-0000213-2017

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:          **FILED FEBRUARY 09, 2018**

Appellant, Timothy Kolman, appeals from the February 6, 2017 order denying his petition for review of the disapproval of a private criminal complaint.  We affirm.

The record reveals that on March 11, 2016, Cheltenham police officers responded to Appellant's home after receiving a "911 hang up call."  Private Criminal Complaint, 12/2/16, Attachment (Police Incident Report Form, 3/13/16, at 2.)  When police arrived, Appellant's wife, Rebecca Landes ("Ms. Landes"), answered the door.  *Id.*  Ms. Landes told Officer Kevin O'Donnell that she and Appellant had a domestic dispute and that she hit Appellant in the face.  *Id.*  Officer O'Donnell arrested Ms. Landes for simple assault.  *Id.* at 1.

Two days later, Appellant reported to police that he awoke on the day after the incident with a headache. Private Criminal Complaint, 12/2/16, Attachment (Police Incident Report Form, 3/13/16, at 2). Appellant informed the police that he had gone to the emergency department at Abington Hospital and stated that he was diagnosed with a mild concussion. *Id.* Appellant provided Detective Mark Bates with a copy of the hospital discharge record. *Id.* Detective Bates advised Appellant of Ms. Landes's hearing date and warned Appellant to have no contact with her. *Id.* Detective Bates then asked if Appellant was pursuing a protection from abuse order ("PFA"), and Appellant responded in the affirmative.[1] *Id.*

On December 2, 2016, nearly nine months after the incident, Appellant filed a private criminal complaint pursuant to Pa.R.Crim.P. 506(A) with the Montgomery County District Attorney's Office accusing Ms. Landes of simple assault, 18 Pa.C.S. § 2701(a)(3), and harassment, 18 Pa.C.S. § 2709(a)(1). Private Criminal Complaint, 12/2/16, at 1-2. In the private criminal complaint, Appellant alleged that the previously filed charge of simple

---

[1] We are constrained to point out that the record at this trial court docket number does not reflect the initial criminal complaint that the Cheltenham police filed against Ms. Landes, and it does not memorialize at what point that complaint was discontinued. However, it is undisputed among the parties and the trial court that the police-filed criminal complaint against Ms. Landes was withdrawn. As will be discussed, Assistant District Attorney Caroline Goldstein stated at the hearing held on Appellant's petition for review that Appellant informed the police that he did not wish to pursue charges against Ms. Landes, and the criminal complaint against her was dismissed. N.T., 2/6/16, at 6-7.

assault was dismissed without prejudice. *Id.* at 2. Attached to the private criminal complaint was the aforementioned March 13, 2016 police incident report form, which served as the factual basis for the private criminal complaint.

On December 20, 2016, the Montgomery County District Attorney's Office sent Appellant a letter informing him that it disapproved the private criminal complaint. Pursuant to Pa.R.Crim.P. 506(B)(2), on January 13, 2017, Appellant filed a petition for review of the district attorney's disapproval of the private criminal complaint. Following a hearing, the trial court denied Appellant's petition for review on February 6, 2017. Appellant filed a timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

> 1. Was it error to uphold the District Attorney's disapproval of [Appellant's] private criminal complaint for simple assault in violation of [18] Pa.C.S.A. § 2701(a)(3) and harassment in violation of [18] Pa.C.S.A. § 2709(a)(1), and to fail to find an abuse of discretion, where the complaint included an attached police incident report indicating that [Ms. Landes] *admitted to a police officer* that she had struck [Appellant] in the face, yet the District Attorney's stated reasons for disapproval included "Insufficient Corroboration", "Insufficient Evidence", "Insufficient Probable Cause" and "Lacks Prosecutorial Merit"?
>
> 2. Was it error to uphold the District Attorney's decision to the extent that the disapproval fell within the "Interest of Justice" category because no written explanation was provided for this decision, as required by Pa.R.Crim.P. 506(B)(2), which provides that "if the attorney for the Commonwealth ... disapproves the

- 3 -

complaint, the attorney shall state the reasons on the complaint form and return it to the affiant . . .". [sic]?

3. Is the "interest of justice" basis cited in the instant case so vague and amorphous that it constituted a violation of Pa.R.Crim.P. 506, and should this Court find that District Attorneys are not permitted to provide a vague "interest of justice" explanation for denial of private criminal complaints as it runs afoul of Rule 506 and is essentially no explanation of "reasons" at all?

4. Was it error to allow the District Attorney's office to add to, testify to, and/or verbally supplement the written reasons for disapproval at the February 6th, 2017 hearing, and to allow the attorney arguing for the District Attorney's office to add to the alleged reasons the complaint was disapproved when those reasons did not appear in writing on the complaint disapproval form as required by Pa.R.Crim.P. 506, and should the Court rule that Rule 506 limits the District Attorney to the written reasons for disapproval set forth on the complaint form, such that any attempt to add to or supplement those reasons verbally at a later time is unlawful, violates Rule 506, and denies the petitioner the notice to which he or she is entitled under Rule 506 and other applicable law?

Appellant's Brief at 4-5 (emphasis in original).

Our standard of review is as follows:

Appellate examination of a trial court's review of the District Attorney's decision to disapprove a private criminal complaint implicates the following:

> When the district attorney disapproves a private criminal complaint solely on the basis of legal conclusions, the trial court undertakes *de novo* review of the matter. Thereafter, the appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary.

* * *

- 4 -

When the district attorney disapproves a private criminal complaint on wholly policy considerations, or on a hybrid of legal and policy considerations, the trial court's standard of review of the district attorney's decision is abuse of discretion. This deferential standard recognizes the limitations on judicial power to interfere with the district attorney's discretion in these kinds of decisions.

*In re Ullman*, 995 A.2d 1207, 1213 (Pa. Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (quoting *In re Private Criminal Complaint of Wilson*, 879 A.2d 199, 214-15 (Pa. Super. 2005) (*en banc*) (internal citations omitted)).

*In re Miles*, 170 A.3d 530, 534-535 (Pa. Super. 2017).

In the instant case, the reasons provided by the district attorney's office for disapproval of the complaint are a hybrid of legal and policy considerations. Thus, our standard of review is abuse of discretion. *In re Miles*, 170 A.3d at 534-535.

In conducting our examination, we are mindful that the private criminal complainant must show that the decision not to prosecute was patently discriminatory, arbitrary or pretextual, and therefore not in the public interest. We will not disturb the trial court's ruling unless there are no reasonable grounds for the court's decision, or the court relied on rules of law that were palpably wrong or inapplicable.

*Braman v. Corbett*, 19 A.3d 1151, 1158 (Pa. Super. 2011) (internal citations and quotation marks omitted).

In his brief on appeal, Appellant focusses on the absence of a satisfactory explanation for the disapproval of his private criminal complaint. As all of Appellant's issues are interrelated, we address them concurrently.

Appellant argues that because there was a police incident report and charges filed, the trial court abused its discretion in denying his petition for review. Appellant's Brief at 10-11. We point out that even if we concluded that the police incident report established a *prima facie* case, it did not require approval of a private criminal complaint. ***In re Private Criminal Complaint of Wilson***, 879 A.2d 199, 211-212 (Pa. Super. 2005) (*en banc*). Appellant chose not to pursue the criminal charges when they were filed against Ms. Landes; therefore, no investigation was conducted, and the matter was dropped. Appellant waited nearly nine months before deciding to file the private criminal complaint.

Pursuit of criminal actions is not a matter of caprice; the Commonwealth has a duty "to bring only those cases that are appropriate for prosecution." ***In re Wilson***, 879 A.2d at 211. The Commonwealth cites ***Hearn v. Myers***, 699 A.2d 1265 (Pa. Super. 1997), as support for its policy position regarding individuals who choose not to pursue charges initially but then wish to do so after a considerable passage of time. Commonwealth's Brief at 8. In ***Hearn***, we held, *inter alia*, that prosecutors are not beholden to the whim of complainants. Therein, the appellant's apartment was burglarized, and he reported this to the police the following day. ***Hearn***, 699 A.2d at 1266. Following an investigation, police identified the perpetrators. ***Id.*** **All three suspects confessed**. ***Id.*** (emphasis added). When the police contacted the appellant to inform him that the perpetrators

had been caught and that charges would be filed, the appellant declined to press charges because he had an intimate relationship with one of the suspects. *Id.* The Commonwealth did not file charges, and the police discontinued the investigation. *Id.* However, four months later, the appellant filed a private criminal complaint, the district attorney disapproved it, and the appellant appealed. *Id.* On appeal, this Court affirmed, stating that:

> individuals cannot dictate to the Commonwealth who and when to prosecute. The district attorney is afforded the power to prosecute on behalf of the Commonwealth, and to decide whether and when to prosecute. The power to approve or disapprove private criminal complaints is consistent with the authority that the district attorney exercises in deciding to initiate or discontinue prosecutions. To permit [the a]ppellant's criminal complaint would severely undermine the district attorney's prosecutorial discretion. **It would allow individuals who initially declined to press charges to return months or years later and order the district attorney to prosecute**. It would also permit individuals to arbitrarily choose whom to prosecute for a crime, instead of all parties responsible. A system such as this would severely restrain the district attorney's ability to perform his official duties.

*Id.* at 1267 (internal citations omitted) (emphasis added).

Thus, despite the police incident report in the case at bar, Appellant's decision to drop the charges only to change his mind more than eight months later, supports the Commonwealth's policy-based position. The trial court further explained:

> This case arises out of an on-going domestic situation. Criminal charges were filed and then withdrawn by [Appellant]. The records were expunged. [Appellant] filed a PFA and pursued its violation. [Nine] months after the incident, [Appellant] wanted to

- 7 -

pursue the identical charges against [Ms. Landes]. Not a new incident but the old one. The District Attorney's office, in the exercise of discretion, could very well not like to have its prosecutional authority manipulated at the whim of a domestic relations party against [his] spouse. Such could be considered to be the use of criminal powers to enforce civil remedies, as the District Attorney argued in court. [N.T., 2/6/17, at 14-15.] A possible domestic relations strategy that the District Attorney chose not to participate in again.

The District Attorney's office clearly did not abuse its discretion in denying prosecution of this claim even though there was an admission. There were ample policy considerations to warrant disapproval of this private criminal complaint.

Trial Court Opinion, 5/4/17, at 6. Ultimately, if Appellant believed that Ms. Landes had violated a PFA, his remedy would be under the PFA and not resurrection of criminal charges that he previously abandoned.

Inextricably intertwined throughout all of Appellant's arguments is his assertion that the district attorney's decision was inadequately expressed in the letter disapproving the complaint, and therefore, the decision was patently arbitrary. Appellant's Brief at 11, 13, and 15. We disagree.

As discussed above, Assistant District Attorney Caroline Goldstein noted that Appellant informed the police that he did not want to press charges against Ms. Landes. N.T., 2/6/16, at 6-7. This fact supported the district attorney's policy-based consideration on disapproving private criminal complaints. Appellant objected to Attorney Goldstein's statement and argued that any and all reasons for disapproval of a private criminal complaint must be in the "four corners" of the form disapproving it. *Id.* at 6-8. However, Appellant cites no authority for such a limitation.

Conversely, the Commonwealth notes in its brief:

> Rule 506(B)(2) states, in relevant part, that "if the attorney for the Commonwealth ... disapproves of the complaint the attorney shall state the reasons on the complaint form and return it to the affiant." *Id.* The complaint form in this case … is the "complaint form" referred to in the rule and publically accessible at website for the Pennsylvania Unified Judicial System. It provides a short blank space for the Commonwealth to state the reason for its denial of the private criminal complaint. [Appellant's] argument that Rule 506 requires some in-depth discussion is inconsistent with standardized, statewide practice. The denial form used in this case, moreover, provided more information than could have been possible on the standard complaint form. The form here was substantially similar to the one set forth in Rule 507(C) for the disapproval of police complaints.

Commonwealth's Brief at 9-10.

We agree with the Commonwealth's position. Indeed, the Commonwealth provided Appellant a checklist of the reasons for disapproval of the complaint. District Attorney's Letter Disapproving Private Criminal Complaint, 12/20/16. Appellant cites no case law requiring the disapproval form to be an exhaustive list and limiting the reasons for disapproval to the four corners of a form letter. Rather, we agree with the Commonwealth that if an affiant does not agree with the disapproval of his private criminal complaint, there is an established mechanism for clarification—the affiant may petition for review in the court of common pleas pursuant to Pa.R.Crim.P. 506(B)(2). N.T., 2/6/16, at 8; Commonwealth's Brief at 8.

The record reveals that at the hearing, Assistant District Attorney Goldstein explained in detail why the district attorney's office disapproved

Appellant's criminal complaint. These reasons included that Appellant withdrew the charges against Ms. Landes; he obtained a PFA against Ms. Landes; he informed police he did not want to testify; and he felt safe. N.T., 2/6/17, at 5-9. Assistant District Attorney Goldstein then asserted:

> Now, ten, 11 months later, he's coming back saying that he wants us to proceed on those charges, but right now we have a credibility issue.
>
> If he didn't want to go in the first place, we can't just start arbitrarily charging people on the whims of victims who are telling us not to charge.

N.T., 2/6/17, at 9.

Assistant District Attorney Goldstein continued:

> And then further to give you some more information, after the charge was withdrawn, Ms. Landes moved for expungement, so most of the records are now gone.
>
> And the expungement was granted because it was a withdrawn case, and [Ms. Landes] was legally entitled to that.

N.T., 2/6/17, at 11-12.

After review of the record, we find that the Commonwealth provided ample reasons for its decision. Accordingly, we conclude that Appellant's arguments are meritless. Therefore, for the reasons set forth above, Appellant is entitled to no relief. We affirm the trial court's order denying Appellant's petition for review.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/18